## JEAN O. DAVID, Plaintiff
## v.
## AMR SERVICES CORP., Defendant

Civ. No. 1999-036

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 15, 2000

GEORGE H. HODGE, JR., Esq., St. Thomas, VI, *for plaintiff*

CHARLES E. ENGEMAN, ESQ., St. Thomas, VI, *for defendant*

**MEMORANDUM**

MOORE, J.

Pending before the Court is the Motion to Dismiss filed by defendant AMR Services Corporation ["AMRS"] on July 19, 1999,

and the Motion to Amend the Complaint filed by plaintiff Jean O. David ["David"] on August 24, 1999. The Court has considered the motions, the papers filed in support of and in opposition to the Motions, and the arguments of counsel at a hearing on October 15, 1999. For the reasons set forth below, the Court will grant AMRS' Motion to Dismiss and will deny David's Motion to Amend the Complaint.

## I. INTRODUCTION

David filed this case on March 8, 1999, alleging discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-213 ["ADA"]. David claims that AMRS discriminated against him by firing him instead of making reasonable accommodations when AMRS determined that he should be regarded as disabled because of a medical condition, in violation of the ADA. *See* 42 U.S.C. § 12112(b)(5)(A) (prohibiting discrimination against employees who are disabled); see also id. § 12102(2) (defining disability). AMRS filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), citing two recent Supreme Court cases. David responded on July 23, 1999, attempting to distinguish the cases relied upon by AMRS. AMRS filed a reply on August 4, 1999, making the motion ripe for adjudication.

A month after he had filed his response, on August 24, 1999, David moved to amend his Complaint, which AMRS has opposed. Both motions are ripe for adjudication.

## II. FACTS

Because AMRS has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, the Court accepts the factual allegations contained in David's complaint as true.[1] *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S. Ct. 2139, 2143, 144 L. Ed. 2d 450 (1999) (affirming dismissal of "regarded as

---

[1] At oral argument, David offered four exhibits for the Court's consideration. Because AMRS has moved to dismiss for failure to state a claim, the Court will limit its analysis to a review of the four corners of the complaint. Even if these exhibits were considered, however, they would not change the result.

disabled" ADA claim). The following factual summary comes directly from the paragraphs of the plaintiff's complaint.

Plaintiff suffers from high blood pressure which he states does not substantially limit any major life activity as long as he "maintains a proper diet and medication." (Complaint ¶ 6.) AMRS hired David on October 28, 1993, as a Security Technician. (*Id.* ¶ 16.) David worked continuously for AMRS until he was out on worker's compensation leave from July 11, 1994, to August 2, 1995, due to a back injury resulting from a slip and fall accident. (*Id.*) AMRS laid David off on October 11, 1995, after Hurricane Marilyn and recalled him to work in July, 1996. (*Id.*)

On May 24, 1998, about two years later, David was sick for a few days, complaining of dizzy spells and weakness. (Id. ¶¶ 17-18.) David's direct supervisor called David and left instructions that he was not to return to work until further notice from the General Manager, Ms. Bohr ["Bohr"]. (*Id.* ¶ 18.) David met with Bohr on May 27, 1998, and "discussed his high blood pressure medical condition." (*Id.* ¶ 19.) Plaintiff alleges that Bohr "regarded his condition as an impairment" because she "advis[ed] him that 'your medical condition will hinder your ability to perform your job responsibilities safely in the workplace.'" (*Id.*) Bohr told David not to return to work until his physician had completed a medical evaluation form. (*Id.* ¶ 20.)

On May 29, two days after this meeting, David's physician again diagnosed him with high blood pressure, but with "no restrictions to work other than prolonged sitting or standing for more than 6 to 8 hours." (*Id.* ¶ 21.) This evaluation was delivered to Bohr a few days later on June 1, 1998. (*Id.*) Instead of returning to work, however, David traveled to Puerto Rico for medical evaluation and hospitalization. (*Id.* ¶ 22.) On June 8, Bohr called David's home and spoke with his wife "inquiring about when could [the plaintiff] return to work." (*Id.* ¶ 23.) Bohr then told her that David was considered to be absent without leave and to have abandoned his job. (*Id.* ¶ 24.) David nevertheless alleges that he was not permitted to return to work. (*Id.* ¶ 21.)[2] AMRS terminated David effective June 9, 1998. (*Id.* ¶ 25.)

---

[2] Indeed, David's counsel conceded at oral argument that AMRS "called his house on more than one occasion." (Transcript of hearing, Oct. 15, 1999, at 29.) Thus, the allegation that

## III. DISCUSSION

## A. Motion to Dismiss

■ The Court limits its Rule 12(b)(6) inquiry into the sufficiency of David's claim to the contents of his complaint, as summarized above. *See Pepper-Reed Co. v. McBro Planning & Dev. Co.*, 19 V.I. 534, 564 F. Supp. 569 (D.V.I. 1983). The Court cannot dismiss an action under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of the claims as pled which would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The Court must assume the factual allegations raised in the complaint to be true. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969). The complaint should be construed liberally in the plaintiff's favor, giving that party the benefit of all fair inferences which may be drawn from the allegations. *See Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

David cannot base his complaint on the bare conclusory allegation that AMRS regarded him as being disabled; he must "allege particulars sufficient to sanction a factfinder in drawing a reasonable inference" that AMRS regarded him so. *See Judge v. City of Lowell*, 160 F.3d 67, 72 (1st Cir. 1998) (affirming dismissal of race discrimination civil rights claim). Further, when a plaintiff does plead specific facts, he is bound by them. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). When a plaintiff chooses to plead particulars that show that he has no claim, "then he is out of luck." *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996), *quoted in Bender*, 159 F.3d at 192.

As a preliminary matter, David's complaint concedes that his high blood pressure does not substantially limit any major life activity as long as he maintains a proper diet and medication. (Complaint ¶ 6.) Plaintiff does not claim that he was terminated as a result of his disability, but rather that he was "regarded as

---

he was not permitted to return to work, (Complaint ¶ 21), is directly contradicted by his other allegations and admissions at oral argument.

having" an "impairment that substantially limits one or more [] major life activities." (*Id.* ¶ 28.) David asserts that AMRS' "regarding plaintiff's medical condition as an impairment and terminating him under pretense of abandonment constitutes discrimination against plaintiff in violation of ADA § 102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A)." (*Id.*)

In two recently decided cases, the Supreme Court clarified what a plaintiff must demonstrate to be "regarded as having a disability" under the ADA. *See Sutton v. United Airlines, Inc.*, 527 U.S. 471, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999); *Murphy v. United Parcel Serv. Inc.*, 527 U.S. 516, 119 S. Ct. 2133, 144 L. Ed. 2d 484 (1999). Applying these cases, David's complaint fails to make the showing necessary to state a claim for relief under the ADA.

In *Sutton*, the Court addressed whether an airline's minimum requirements for pilots' uncorrected vision showed that the airline regarded as disabled applicants who could not meet the requirement. Sutton, 119 S. Ct. at 2149-52. The Court held that "when the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Id.* at 2151. The Court noted that the plaintiffs had "alleged only that respondent regards their poor vision as precluding them from holding positions as a 'global airline pilot,'" and held that plaintiffs had "failed to allege adequately that their poor eyesight is regarded as an impairment that substantially limits them in the major life activity of working." *Id.* Accordingly, the Court ruled that the plaintiffs had failed to state a claim for which relief could be granted. *Id.* at 2151-52.

In *Murphy*, the Court addressed a case much like David's since the plaintiff had been fired after his employer learned that he had high blood pressure. *Murphy*, 119 S. Ct. at 2136. The Court first recognized that with medication, the plaintiff's high blood pressure did not significantly restrict his activities. *Id.* Relying on *Sutton*, the Court held that the plaintiff was not disabled as a matter of law, because his condition did not substantially limit him in any major life activity. *See Murphy*, 119 S. Ct. at 2137. David similarly alleges that his high blood pressure "does not threaten any major life activity of working as long as he maintains a proper diet and medication." (Complaint ¶ 6.)

424

Considering the "regarded as" disability claim, the Court again recognized that "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job." *See id.* at 2137-39. The Court held that "[a]t most, [plaintiff] has shown that he is regarded as unable to perform the job of mechanic only when that job requires driving a commercial motor vehicle — a specific type of vehicle used on a highway in interstate commerce." *Id.* at 2138. The plaintiff had not shown "that he is regarded as unable to perform any mechanic job that does not call for driving a commercial motor vehicle and thus does not require DOT certification," which he could not obtain due to his high blood pressure. *Id.* at 2139. The Court concluded finding "that [plaintiff] is, at most, regarded as unable to perform only a particular job. This is insufficient, as a matter of law, to prove that petitioner is regarded as substantially limited in the major life activity of working." *Id.*

Under *Sutton* and *Murphy*, a "regarded as" cause of action only accrues under the ADA if the employer terminates an employee because the employer regards the employee as unfit to work in any job as a result of the perceived disability. David merely asserts that AMRS regarded his medical condition as an "impairment" because his supervisor indicated that she believed David's "'medical condition will hinder [his] ability to perform [his] job responsibilities safely in the workplace.'" (*Id.* ¶ 19.) David's only "regarded as impaired" allegation is that AMRS believed that his condition would hinder his ability to perform his job responsibilities safely. (Complaint ¶ 19.) David makes no allegation that AMRS regarded David as substantially limited in the major life activity of working, i.e., that he was unable to perform any other job.

On the contrary, plaintiff's complaint affirmatively shows that AMRS did not regard him as unable to perform the very job he had been hired to perform. He alleges that Bohr "called to inquire when could [the plaintiff] return to work." (*Id.* ¶ 23.) If AMRS regarded David as not being able to work, Bohr would not have called to ask him about returning to work. Thus, David's complaint factually establishes that AMRS did not regard him as being disabled.

425

■ Moreover, the EEOC regulations implementing the ADA specifically "permit[] employers to make inquiries or require medical examinations (fitness for duty exams) when there is a need to determine whether an employee is still able to perform the essential functions of his or her job." 42 C.F.R. § 1630.14(c). It cannot be, then, that an employer's requirement for an employee to take a "fitness for duty" examination when returning from sick leave in and of itself constitutes being "regarded as being disabled" under the ADA.

■ In short, the complaint "is insufficient, as a matter of law, to prove that [David] is regarded as substantially limited in the major life activity of working." *Murphy*, 119 S. Ct. at 2139 (citing Sutton, 119 S. Ct. at 2151-52). Accordingly, David's complaint fails to state a claim for which relief may be granted.

## B. Motion to Amend the Complaint

After AMRS moved to dismiss, David moved to add more conclusory statements to his complaint to try to state a claim. The allegations that plaintiff proposes to add, however, still do not state a claim. Because it would be futile to permit amendment, the Court will not allow the plaintiff to amend the complaint.

After the defendant has filed a responsive pleading, a plaintiff "may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "Nevertheless, a trial court may consider whether the amendment would be futile." *Walton v. Mental Health Ass'n*, 168 F.3d 661, 665 (3d Cir. 1999) (affirming district court's refusal to permit amendment of ADA claim because plaintiff failed to allege properly that her employer regarded her impairment as substantially limiting the major life activity of working). Moreover, the Court may deny a motion to amend because of unreasonable delay. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (denying motion for leave to amend complaint, in part, because of unreasonable delay, where most of the facts were available to plaintiff before she filed the original complaint).

David moved to amend more than a month after he filed his opposition to AMRS' motion (and more than five months after the complaint was originally filed). David could have filed his motion

immediately after AMRS had pointed out the defect in the complaint in its motion to dismiss, if not earlier. Moreover, plaintiff's motion to amend does not comply with the Court's Local Rules because it fails to "specifically delineate the changes or additions." LRCi 15.1. The purpose of the rule is to have the plaintiff identify the differences between the proposed complaint and the original pleading. Because David has failed to comply with the Rule, the Court's task in determining the new substantive allegations of the proposed amended complaint is more difficult. Although noncompliance with Rule 15.1, without more, is not grounds for denial of the motion, David's failure here compounds his unreasonable delay, and further justifies the Court's exercise of discretion to deny the motion to amend.

Even if David had timely complied with all of the rules, however, the proposed complaint still fails to state a claim for relief under the ADA. David's new "allegations" are not only conclusory, confusing, and convoluted, they do not cure David's failure to allege sufficient facts to claim that AMRS regarded him as being unable to perform the major life activity of working. David's references to an alleged violation of the "collective bargaining agreement" between AMRS and his union and the alleged "stigma" of being "undesirable," "unreliable," "irresponsible," and "elderly," (*see* Proposed Compl. ¶¶ 7-9, 35-36), that he supposedly suffered as a result of his termination have no relevance to a claim under the ADA. David has not put forth any legal authority supporting a federal cause of action under the ADA for being regarded as "undesirable," "unreliable," "irresponsible," or "elderly."

In paragraph seven of the proposed complaint, David alleges that AMRS perceived him to have "a substantially limited impairment to perform one or more major life activity in any class of job under its employ." This amounts to nothing more than a conclusory allegation, see Judge, 160 F.3d at 72, and the plaintiff fails to support it with any "specific, non-conclusory facts from which" AMRS' perception of a disability "may reasonably be inferred." *Id.* Moreover, David does not eliminate the allegation that his manager at AMRS "called to inquire when could he return to work." (*See* Proposed Compl. ¶ 27.) As noted above, it is this

allegation which demonstrates that AMRS did *not* regard him as unfit to work. Accordingly, the proposed complaint fails to state a claim for which relief may be granted under the ADA and permitting the amendment would be futile.

■ In sum, because of David's unreasonable delay in attempting to amend the complaint, which was aggravated by his failure to delineate the proposed additions, and because it would be futile to allow the proposed additional allegations, plaintiff's motion to amend his complaint will be denied.

### IV. CONCLUSION

For the reasons set forth above, the Court will grant AMRS' motion to dismiss the complaint and will deny David's motion to amend the complaint. An appropriate order is attached.

### ORDER

For the reasons stated in the accompanying memorandum of even date, it is hereby

ORDERED that AMR Services Corporation's motion to dismiss (docket # 17) is GRANTED;

ORDERED, that the Motion to Amend the Complaint (docket # 23) filed by plaintiff Jean O. David is DENIED. It is further ORDERED that the Clerk shall CLOSE the file.

ENTERED this 15th day of February, 2000.