89 F.Supp.2d 1079 (2000)
Linda E. MEDLOCK, Plaintiff,
v.
CITY OF ST. CHARLES, Defendant.
No. 4:99 CV 822 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 24, 2000.
*1080 Katherine P. Scannell, Bartley and Goffstein, Clayton, MO, for Linda E. Medlock, plaintiff.
Linda E. Medlock, St. Charles, MO, plaintiff pro se.
Robert J. Krehbiel, Evans and Dixon, St. Louis, MO, for St. Charles, Missouri, City of, defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the Court upon the motion of defendant to dismiss the amended complaint (Doc. No. 31). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff Linda Medlock commenced this action against her employer, the City of St. Charles, Missouri, alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, et seq., and the Missouri Human Rights Act (MHRA), Mo. Rev.Stat. § 213.010, et seq. Defendant has moved to dismiss under the theory that plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed.R. of Civ.Pro. 12(b)(6).
When ruling a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. Mauzy v. Mexico School District No. 59, 878 F.Supp. 153, 155 (E.D.Mo. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The Court must accept the allegations in the complaint as true and "[d]ismissal is inappropriate `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Breedlove v. Earthgrains Baking Companies, Inc., 140 F.3d 797, 798-99 (8th Cir.) (quoting McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir.1992)), cert. denied, 525 U.S. 921, 119 S.Ct. 276, 142 L.Ed.2d 228 (1998). "Pleadings are to be construed liberally in favor of the pleader." Park *1081 View Heights Corp. v. City of Black Jack, 467 F.2d 1208, 1212, n. 3 (8th Cir.1972) (quoting Great Atlantic & Pacific Tea Co., Inc. v. Amalgamated Meat Cutters & Butcher Workmen of North America, Local Union No. 88, AFLCIO, 410 F.2d 650, 652 (8th Cir.1969)). Furthermore, under the liberal standards of notice pleading, see Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir.1993), the complainant need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed.R.Civ.Pro. 8(a)(2).
Defendant argues that plaintiff has not stated a claim under 42 U.S.C. § 12102(2)(A) because she does not allege facts that she has an impairment that substantially limits one or more of her major life activities. Defendant also argues that plaintiff fails to plead facts sufficient to support a claim that she is perceived to be disabled, under 42 U.S.C. § 12102(2)(C). Finally, defendant points out that federal law may be used to analyze plaintiff's discrimination claims under both the ADA and the MHRA. See Kramer v. K & S Associates, 942 F.Supp. 444, 446 (E.D.Mo. 1996).
The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability...." 42 U.S.C. § 12112(a). In order to establish entitlement to relief under the ADA, plaintiff must prove three things: (1) she is disabled within the meaning of the ADA, (2) she was able to perform her job with or without reasonable accommodation, and (3) the employer in whole or in part discharged her because of her disability. Weber v. Strippit, Inc., 186 F.3d 907, 912 (8th Cir.1999), cert. denied, ___ U.S. ___, 120 S.Ct. 794, 145 L.Ed.2d 670 (2000); see also Gutridge v. Clure, 153 F.3d 898, 900 (8th Cir.1998), cert. denied, ___ U.S. ___, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999); Webb v. Mercy Hospital, 102 F.3d 958, 959-60 (8th Cir.1996). The threshold issue is whether plaintiff has a disability, which the ADA defines as follows:
(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(B) a record of such impairment; or
(C) being regarded as having such an impairment.
42 U.S.C. § 12102(2).
The Eighth Circuit has interpreted what constitutes a major life activity as follows:
"`Major life activities' include `functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.' Sitting, standing, lifting, and reaching are also considered major life activities."
Weber, 186 F.3d at 912-13 (quoting 29 C.F.R. § 1630.2(i)). Weber defined "substantially limiting" as:
(i) Unable to perform a major life activity that the average person in the general populations can perform; or
(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity.
Id. at 913 (quoting 29 C.F.R. § 1630.2(j)(1)).
Among the major life activities mentioned in the Weber case are sitting and seeing. Paragraph 19 of plaintiff's First Amended Complaint alleges in relevant part:
Plaintiff's disability, diabetes mellitus, substantially limits her major life activities. Examples of Plaintiff's limitations include, but are not limited to:
(a) Plaintiff's vision becomes blurred due to fatigue;
(b) Plaintiff experiences numbness and swelling in her extremities if she is forced to sit for long periods of time....
First Amended Complaint, filed Oct. 6, 1999, (Doc. No. 26), at ¶ 19.
*1082 The Court concludes that plaintiff has adequately stated an actual disability claim under Rule 12(b)(6). She has alleged that her diabetes mellitus substantially limits the major life activities of sitting and seeing. While she did not allege specific facts explaining exactly how these activities are substantially limited, the Court concludes that her allegations, that her fatigue causes blurred vision, and that she experiences numbness and swelling if she sits for a long period of time, are sufficient to state a claim under the "liberal system of `notice pleading' set up by the Federal Rules," Kohl, 5 F.3d at 1148 (quoting Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).
Plaintiff also alleges a claim of perceived disability discrimination under 42 U.S.C. § 12102(2)(C). The Supreme Court has interpreted this section of the ADA as follows:
There are two apparent ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individualit must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.
Sutton v. United Air Lines, 527 U.S. 471, 119 S.Ct. 2139, 2149-50, 144 L.Ed.2d 450 (1999). Plaintiff argues that she has alleged facts that defendant perceived her as disabled because she formally informed the President of the City Council that she was disabled and that defendant documented an inquiry regarding her disability. See First Amended Complaint, at ¶¶ 14-15.
However, the Eighth Circuit has clearly held that in the absence of evidence that an employer perceives or treats an employee as having a substantially limiting impairment, the fact that an employer is aware of an employee's impairment is insufficient to establish that the employer "regarded" employee as disabled as a matter of law under 42 U.S.C. § 12102(2)(C). Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1320 (8th Cir.1996). The Court finds the situation in Aucutt analogous to the case at bar. Plaintiff has alleged no facts other than the fact that her employer was aware of her problems and was making an inquiry. The Court concludes that plaintiff has not alleged sufficient facts which indicate that her employer perceived her as disabled under 42 U.S.C. § 12102(2)(C). However, as the Court has concluded that plaintiff has alleged that she is disabled under 42 U.S.C. § 12102(2)(A), see supra, denial of defendant's motion to dismiss under Rule 12(b)(6) is appropriate.
For these reasons,
IT IS HEREBY ORDERED that the motion of defendant for dismissal (Doc. No. 31) is denied.