Fotos v. Internet Commerce Express    CV-00-470-JM  07/25/01  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Janet E. Fotos

    v.                                    Civil No. 00-470-JM
                                        Opinion No. 2001 DNH 134

Internet Commerce Express, Inc. et al.


**O R D E R**

Before the court is the defendants' motion to dismiss (document no. 7) three counts of the plaintiff's complaint, including a claim that the defendants engaged in unlawful employment practices in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA" or "Act"), a breach of contract claim, and a claim for wrongful termination.[1]   The defendants ask the court to dismiss these claims, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.  As the plaintiff has pointed out in her objection to the motion, the pleadings have already been closed and the present motion is more appropriately termed a motion for judgment

---

[1]The plaintiff's remaining claims, which are not the subject of the defendants' motion to dismiss, include a claim for tortious interference with beneficial contractual relations and a claim for tortious interference with prospective beneficial contractual relations.

on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## Standard of Review

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings "is essentially the same as the standard for evaluating a Rule 12(b)(6) motion." Cooper v. Thomson Newspapers, Inc., 6 F. Supp.2d 109, 112 (D.N.H. 1998). In evaluating the defendants' motion, the court must accept all of the plaintiff's well-pleaded factual averments as true, and draw all reasonable inferences in the plaintiff's favor. See Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). Moreover, "the court may not grant [the defendants'] Rule 12(c) motion '"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief"'." Id. (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))).

## Background

Plaintiff Janet E. Fotos was employed by defendant Internet Commerce Express, Inc. ("ICE") from June 1994 to April 2000. This dispute arises out of ICE's decision to terminate Fotos' employment as a Senior Instructor with the company on April 26,

2

2000.  At the time of Fotos' termination, defendant Cheryl Creedon-Shirley was Fotos' supervisor at ICE, and defendant Cheryl Brody was the company's Director of Human Resources.

A generous reading of the complaint indicates that Fotos has suffered and continues to suffer from clinical depression.  As a result, Fotos must remain under a physician's care and take medication.  Notwithstanding her fragile emotional state, Fotos excelled at her job for most of the time she was employed at ICE.  During the course of her employment, Fotos received regular merit based salary increases, accepted several promotions, and achieved superior ratings during performance reviews.

In late October 1999, however, Fotos began to experience severe depression.  As her condition deteriorated over the following months, Fotos' relationship with her supervisor, Creedon-Shirley, also deteriorated.  Eventually, on February 25, 2000, Fotos spoke to Creedon-Shirley about work-related problems that she had been experiencing as a result of her depression and about her plans to consult a counselor.  Instead of offering support, Creedon-Shirley treated Fotos poorly, proposed that Fotos agree to an intensified level of supervision, and sought to impose various conditions and requirements upon Fotos' employment

3

situation.

By February 28, 2000, the plaintiff's depression had grown so acute that defendant Brody, having observed the plaintiff looking distraught and experiencing difficulties with co-workers, directed Fotos to leave work immediately and to consider a medical leave. Upon the advice of her physician, Fotos did seek and obtain a medical leave from ICE, which began on February 29, 2000, and extended through April 23, 2000.

Following the plaintiff's return to work on April 24, 2000, Creedon-Shirley informed Fotos that she would have to undergo a period of probation that would include close supervision and a regime of micromanagement. In addition, Creedon-Shirley relieved Fotos of many of her job responsibilities, assigned those responsibilities to another employee, and directed Fotos to train the other employee to perform those responsibilities. Drawing all reasonable inferences in the plaintiff's favor, it appears that Creedon-Shirley intended to replace Fotos with another instructor, and that her decision was based solely upon plaintiff's depression.

Between April 24 and April 26, 2000, Creedon-Shirley unjustly criticized Fotos' work and sought to hold Fotos

4

accountable for false work priorities and deadlines.  In addition, Creedon-Shirley falsely accused Fotos of failing to accomplish assigned tasks and engaging in disrespectful behavior. As a result of these spurious accusations, defendant Brody discharged Fotos from employment at ICE on April 26, 2000.

It can be inferred from Foto's factual assertions that the defendants terminated the plaintiff's employment with ICE because of her depression and difficulties that arose between Fotos and others at the company as a result of her depression.  The complaint is silent, however, with respect to the effect of Fotos' depression on her ability to perform other jobs or to perform the same job at a different company.

Discussion

A.    The ADA Claim

The defendants move to dismiss Count I of Fotos' complaint on the grounds that the complaint fails to adequately assert an ADA claim.  In particular, the defendants argue that Fotos has failed to plead facts necessary to show that she is disabled within the meaning of the ADA.

In order to obtain relief under the ADA, Fotos must prove three things.  "[F]irst, she must show that she was disabled

5

within the meaning of the Act; second, she must prove that with or without reasonable accommodation she was a qualified individual able to perform the essential functions of [her] job; and third, she must show that the employer discharged her because of her disability." Criado v. IBM Corp., 145 F.3d 437, 441 (1st Cir. 1998). See also Katz v. City Metal Co., Inc., 87 F.3d 26, 30 (1st Cir. 1996). To prove the first element of her ADA claim, therefore, Fotos must establish that she is disabled.

The ADA defines disability as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(B) a record of such impairment; or
(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). See also Sutton v. United Air Lines, Inc., 527 U.S. 471, 478 (1999); Criado, 145 F.3d at 441-42. "Accordingly, to fall within this definition one must have an actual disability (subsection (A)), have a record of a disability (subsection (B)), or be regarded as having one (subsection (C))." Sutton, 527 U.S. at 478.

Fotos alleges a disability under all three definitions. Specifically, she claims to have an actual disability, clinical depression, that substantially limits her ability to work.

Additionally, Fotos asserts that she has a record of clinical depression, and that she was regarded by the defendants as having an impairment that "substantially limits, or which would substantially limit, one or more of her major life activities, namely, working." Complaint, ¶ 25.

Depression can constitute a disability under the ADA, see Criado, 145 F.3d at 442, but only if it substantially impairs a major life activity. See Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 15 (1st Cir. 1997)(finding no disability because the plaintiff's episodic depression did not substantially limit a major life activity). The defendants argue that Fotos has failed to allege any facts demonstrating that she is significantly restricted in her ability to perform a class of jobs or a broad range of jobs as a result of her depression. Accordingly, the defendants contend, Fotos cannot establish that her depression substantially limits her major life activity of working.

Controlling authority dictates that the defendants' argument is correct.[2] In Sutton, the Supreme Court considered whether the

---

[2]In support of their assertion that the plaintiff's factual allegations are inadequate to state a claim under the ADA, the defendants rely on Reale v. Riverbend Cmty. Mental Health, Inc., No. 98-334-JD (D.N.H. January 26, 1999). Because it is unpublished, however, Reale cannot constitute precedent. See First Circuit Local Rule 36 (unpublished opinions may only be

7

plaintiffs stated a claim under the ADA where they purported to be disabled under the "regarded as" prong of the Act's disability definition.  The Court said that there are two ways in which individuals may fall within this statutory definition: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities."  Sutton, 527 U.S. at 489.  The plaintiffs contended that their employer mistakenly believed that their physical impairment, severe myopia, substantially limited them in the major life activity of working.  To support this claim, the plaintiffs alleged that the employer's vision requirement precluded them from obtaining the job of global airline pilot. See id. at 490.   The Sutton Court determined, however, that "[w]hen the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs."  Id. at 491.[3]  Because the plaintiffs

cited in related cases).

[3] I interpret the Court's ruling to require a heightened pleading standard for ADA claims where the only major life

8

alleged only that their employer regarded their poor vision as precluding them from the job of global airline pilot rather than a broad class of jobs, the Court held that they failed to state a claim.[4] <u>Id.</u> at 492-93.

---

activity alleged is working. <u>But</u> <u>see</u> <u>Mattice v. Memorial Hosp.</u> <u>of South Bend, Inc.</u>, 249 F.3d 682, 685 & n.3 (7th Cir. 2001)(finding that <u>Sutton</u> did not create a heightened pleading standard, but was limited to the specific allegation at issue in that case – the major life activity of working as a global airline pilot).

[4]Although this court is bound to follow <u>Sutton</u>, I find the Court's reasoning in that case rather curious. In ruling that the phrase "substantially limits" requires plaintiffs to allege that they are unable to work in a broad class of jobs, the Court was persuaded by regulations promulgated by the Equal Employment Opportunity Commission ("EEOC"), which use the following definition of the term "substantially limits" when referring to the major life activity of working:

> "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."

<u>Sutton</u>, 527 U.S. at 491 (quoting 29 C.F.R. § 1630.2(j)(3)(i)). At the same time, however, the Court questioned the validity of the EEOC regulations. <u>See</u> <u>id.</u> at 479, 492-93 (noting that no agency has been delegated authority to interpret the term "disability," and assuming for the purposes of the case before it that EEOC regulations interpreting the term "substantially limits" are reasonable). The Court's decision to require certain minimum factual allegations where the major life activity asserted is working seems incongruous in light of the Court's apparent skepticism of the EEOC regulations and the liberal notice pleading requirements of Fed. R. Civ. P. 8.

9

Although <u>Sutton</u> was decided under the "regarded as" prong of the ADA's disability definition, the Court's reasoning applies equally to the "actual disability" and "record of" prongs of the definition, as all three prongs require the plaintiff to show that the impairment or perceived impairment "substantially limits" one or more major life activities. Because Fotos alleges that the major life activity involved is working, therefore, her complaint also must allege that she was unable to work in a broad class of jobs. It does not. Accordingly, the defendants are entitled to judgment on the pleadings with respect to the plaintiff's ADA claim.[5]

B.    The State Law Claims

The defendants also move for judgment on the pleadings with

---

[5]Fotos seems to suggest that her allegations support an inference that her depression limits her ability to interact with others and that this ability is a major life activity. The complaint indicates only that Fotos developed conflicts with Creedon-Shirley, and on one occasion difficulties interacting with other employees, as a result of her depression. Nothing in the complaint suggests that Fotos' depression impaired her ability to interact with people generally. Moreover, even if the court assumes that the complaint supports an inference that Fotos' depression substantially limits her ability to maintain relationships with coworkers generally, the First Circuit has rejected the proposition that a general ability to get along with others is a major life activity. See <u>Soileau</u>, 105 F.3d at 15 (to impose legally enforceable duties on an employer based on the concept of "ability to get along with others" would be problematic).

10

respect to two of the plaintiff's four state law claims. Because Fotos cannot maintain her federal ADA claim, the court declines to exercise supplemental jurisdiction over any of Fotos' state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, plaintiff's causes of action for breach of contract, wrongful termination of employment, tortious interference with beneficial contractual relations, and tortious interference with prospective beneficial contractual relations are dismissed.

Conclusion

Defendants' Motion to Dismiss (document no. 7), which has been construed as a motion for judgment on the pleadings, is granted. Fotos' remaining state law claims are also dismissed. The Clerk of Court shall enter judgment in accordance with this Order and close the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 25, 2001

cc:  Andrea K. Johnstone, Esq.
     Thomas B. Merritt, Esq.

11