Robert G. KAISER, Plaintiff,

v.

BANC OF AMERICA INVESTMENT SERVICES, INC., Defendant.

No. CV–S–02–1145–LRH–RJJ.

United States District Court,
D. Nevada.

Dec. 15, 2003.

Kristina Holman, Law Office of Kristina Holman, Las Vegas, NV, for Plaintiff.

Bruce Kunimoto, Elissa Cadish, J. Peek, Hale, Lane, Peek, et al., Las Vegas, NV, for Defendant.

## ORDER

HICKS, District Judge.

Plaintiff Robert Kaiser ("Kaiser" or "Plaintiff") has previously filed a complaint against his former employer ("Defendant"), alleging that the Defendant fired him in violation of the Americans with Disabilities Act ("ADA"). Before the Court is Defendant's Motion to Dismiss (Docket No. 18) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (Docket No. 20), to which Defendant subsequently replied. After a review of the record and relevant law, the Court makes the following disposition:

Defendant asserts two grounds for this Court to dismiss Plaintiff's claim: (1) that Plaintiff has not adequately alleged the elements of a *prima facie* case of discrimination in violation of the ADA; and (2) that Plaintiff has failed to exhaust his administrative remedies as required under the ADA. In considering this motion to dismiss, the Court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support his pleadings. *See, e.g., In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994). Therefore, for the purpose of the motion, the Court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the non-moving party. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986) (citing *North Star International v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983)). Dismissal is warranted only if it appears to a certainty that the Plaintiff

would not be entitled to relief under any set facts that could be proven. *See id.* Initially, this Court notes that Plaintiff has failed to provide any legal authorities to support the propositions made in his opposition. Under the local rules, such an omission constitutes consent to the granting of the motion.[1] Notwithstanding this point, the Court has conducted extensive research in order to reach its decision.

 First, Defendant contends that Plaintiff's pleadings do not establish a *prima facie* case of discrimination under the ADA. To state such a case, Plaintiff "must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1090 (9th Cir.2002) (citing the Americans with Disabilities Act of 1990, § 2 *et seq.*, 42 U.S.C.A. § 12101 *et seq.*). Under the ADA, the "disability" of an individual is defined as:

(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(b) a record of such impairment; or

(c) being regarded as having such an impairment.

42 U.S.C. § 12102(2). The parties agree that, among the three ways to establish a "disability," Plaintiff proceeds on the theory that he was "regarded" by his employer as disabled.[2] Though Plaintiff's complaint does allege that Defendant regarded him as disabled, Defendant points out that the complaint does not state that Plaintiff was regarded as having an impairment that "substantially limits" a "major life activity," nor does it allege which major life activity is regarded as impaired.

Defendant appears to be correct in its assertion that such specificity is required. *Sutton v. United Air Lines*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). In *Sutton*, the Supreme Court dismissed an ADA claim under Federal Rule 12(b)(6), citing among its reasons the fact that the "petitioners [had] not stated a claim that respondent regards their impairment as *substantially limiting* their ability to work." *Id.* at 491, 119 S.Ct. 2139 (emphasis in original). This requirement appears incongruous with Federal Rule of Civil Procedure 8(e)(1) which states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Nonetheless, this Court is not alone in concluding that *Sutton* requires such a result.[3]

---

1. Rule 7–2 of the Local Rules of Practice of the United States District Court for the District of Nevada specify that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Local Rule 7–2(d).

2. The Supreme Court has stated that there are two apparent ways in which individuals may fall within the statutory definition of being "regarded as" disabled:

(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary

that a covered entity entertain misperceptions about the individual—it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.

*Sutton v. United Air Lines*, 527 U.S. 471, 489, 119 S.Ct. 2139, 2149–50, 144 L.Ed.2d 450 (1999).

3. The following cases were also dismissed under Federal Rule of Civil Procedure 12(b)(6) after the courts determined that the plaintiff's complaint did not state a claim: *Saunders v. Baltimore County, Md.*, 163 F.Supp.2d 564, 566 (D.Md.2001) (finding plaintiff alleged only that employer was aware of his asthma, and not that employer perceived plaintiff as

■ Plaintiff's complaint also does not state which "major life activity" is pertinent to his claim. However, Plaintiff has relayed this information to the Court in his opposition, stating that the major life activity in question is the life activity of working. Yet even if it were sufficient to allege this point in the opposition rather than the complaint, *Sutton* requires that plaintiffs who allege "working" as the major life activity affected, must "at a minimum... allege [that] they are unable to work in a broad class of jobs." 527 U.S. at 491, 119 S.Ct. 2139.[4] In the context of "regarded as" claims, the *Sutton* holding has been interpreted as meaning that an "allegation that an employer regards an impairment as precluding the plaintiff from a single job, one type of job or a specialized job does not state a claim." *Jolliffe v. First Nat. Bank and Trust,* 2000 WL 1911882, *3 (S.D.Ind.2000). *See also Mattice v. Mem'l Hosp. of South Bend, Inc.,* 249 F.3d 682, 685 (7th Cir.2001) (agreeing that if a claim is based on the impairment of the major life activity of working, then *Sutton* requires plaintiffs to plead that they are perceived as unable to work in a broad class of jobs).

Although the pleading requirements heretofore discussed appear almost too rigorous to be authentic,[5] it has not escaped this Court's notice that such pleading requirements were a basis for dismissing the cause of action in *Sutton,* even though that case was the first to set forth those requirements. Here, at least, Plaintiff has been put on notice of the pleading requirement by the opinion issued in *Sutton* and the various opinions in lower courts which have interpreted *Sutton.* Nonetheless, in the interest of justice, this Court will permit Plaintiff twenty-one days from the date of entry of this Order to amend his complaint.[6] If Plaintiff does not amend his complaint within this time period, Plaintiff's action will be dismissed.

■ As Plaintiff may amend his complaint, this Court will briefly address Defendant's second argument for dismissal. Defendant asserts that Plaintiff has not filed discrimination charges with the appropriate agencies, the Equal Employment Opportunity Commission and the Nevada Equal Rights Commission, for his claims

disabled as a result of his asthma). *See also Medlock v. City of St. Charles,* 89 F.Supp.2d 1079, 1082 (E.D.Mo.2000) (finding that plaintiff could not proceed in her ADA suit under a theory that she was regarded as being disabled, since her complaint did not state that the employer perceived the plaintiff as having a substantially limiting impairment).

4. Refer also to *Fotos v. Internet Commerce Express, Inc.,* 154 F.Supp.2d 212, 216 –217 (D.N.H.2001), *David v. AMR Servs. Corp.,* 191 F.R.D. 89, 92 (D.Vi.2000), and *Jolliffe v. First Nat. Bank and Trust,* 2000 WL 1911882, *4 (S.D.Ind.2000) for cases which were dismissed due to the plaintiff's failure to state in his complaint that he was unable to work in a broad class of jobs.

5. *See also Fotos v. Internet Commerce Express, Inc.,* 154 F.Supp.2d 212, 216 (D.N.H.2001) (stating, with regard to this same pleading

requirement, that "[t]he Court's decision to require certain minimum factual allegations where the major life activity asserted is working seems incongruous in light of the Court's apparent skepticism of the EEOC regulations and the liberal notice pleading requirements of Fed.R.Civ.P. 8.").

6. Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In addition, the Ninth Circuit has held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000)(quoting *Doe v. U.S.,* 58 F.3d 494 (9th Cir.1995)).

relating to discrimination based on a perceived drug and/or alcohol problem. According to the Defendant, Plaintiff has not exhausted these administrative remedies because the discrimination charge filed alleges only that Plaintiff's employer stated he had "mental problems," and does not mention a perceived drug/alcohol problem. The challenge concerns whether a perceived "drug/alcohol" problem equates with a perceived "mental" problem. This is not an appropriate issue for a motion brought under FED. R. CIV. P. 12(b)(6) as the Court would not be able to consider it based on the pleadings alone. There may in fact have been a logical connection between the use of "drug/alcohol" and "mental" problems—or there may have been no connection at all—but such a connection, or lack thereof, cannot be established without evidence. Defendant's challenge is therefore not appropriate for a motion to dismiss for failure to state a claim.

It is therefore ORDERED that Defendant's Motion to Dismiss (Docket No. 18) is GRANTED in part and DENIED in part as set forth in this Order.

It is further ORDERED that Plaintiff is granted leave to amend his complaint within twenty-one days of the date of entry of this order.

IT IS SO ORDERED.