Barbara Ann CHILLE, a/k/a Barbara Ann McMillin, Plaintiff,

v.

UNITED AIRLINES, Defendant.

No. 00–CV–6571L.

United States District Court, W.D. New York.

Sept. 17, 2001.

Donna Marianetti, Van Henri White, Rochester, NY, for Plaintiff.

Eric Rosenfeld, Laurie Robinson, New York City, for Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

## INTRODUCTION

Plaintiff, Barbara Ann Chille, a former employee of United Airlines ("United"), commenced this action alleging that United discriminated against her in violation of the Americans with Disabilities Act ("ADA" or "the Act") and the New York Human Rights Law.[1] Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6). Defendant's motion is granted, and the complaint is dismissed. Plaintiff, however, is granted leave to replead.

## FACTUAL BACKGROUND

Plaintiff began her employment with United in September 1997. Her last position with the company was as a "Customer Service Representative, ticket counter, ramp and gate" at the Rochester International Airport. Complaint, ¶ 14. At some point during her employment, plaintiff suffered a work-related case of frostbite. Plaintiff alleges that the frostbite created a condition that affected the circulation in her hands. Because of that, she claims that her hands cannot be exposed to temperatures below 50 degrees Fahrenheit.

In September of 1999, plaintiff notified her immediate supervisor of her condition, and requested that the company accommodate her by changing her work area or by providing her with special insulated gloves or gloves that could accommodate a hand-warming device.[2] Plaintiff's supervisor relocated her to the baggage handling area. Because of the temperatures in that area, however, this change was not satisfactory to plaintiff. Plaintiff then attempted to change her position with United. She applied for a flight attendant position, but she was not selected.

---

1. Although disability claims under the New York Human Rights Law ("NYHRL") are analyzed in a similar manner to claims under the ADA, the NYHRL defines "disability" "more broadly than does the ADA." *Reeves v. Johnson Controls World Services, Inc.*, 140 F.3d 144, 154 (2d Cir.1998). Defendant's motion focuses almost entirely on the sufficiency of plaintiff's complaint under the ADA. Thus, although plaintiff must still properly plead her claim under the NYHRL, this decision will not address the adequacy of her state law claim.

2. The complaint indicates that United provided gloves that were sized to fit men, and thus, were too large to be effective. *See* Complaint, ¶ 18. It is unclear whether United provided plaintiff with special gloves that were ill fitting and, thus, ineffective, or whether gloves issued as standard equipment to all employees were too large to relieve plaintiff's discomfort. In any event, plaintiff alleges she was not provided with equipment that could have accommodated her condition.

Plaintiff then sought employment elsewhere, and was offered a flight attendant position with another airline. Plaintiff began training with her new employer as a flight attendant but apparently had a change of heart and during that training period, she elected to "return" to United. Plaintiff alleges that she was using vacation time while training for her new job but, apparently, United viewed it differently. United deemed her activities and separation as a resignation and refused to allow her to continue her employment after she had begun training for a position with another airline. Plaintiff now claims that United's actions were in violation of the ADA. She filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that United discriminated against her because of her disability. The EEOC dismissed plaintiff's claim, and issued a right-to-sue letter. Plaintiff then brought this action.

## DISCUSSION

In light of plaintiff's election to seek other employment, it is difficult to see how plaintiff can establish any nexus between United's adverse employment action and plaintiff's alleged disability. This may well prove to be an insurmountable barrier to plaintiff. The motion before me now is, however, a motion to dismiss and not a summary judgment motion. Therefore, I must give deference to the allegations contained in a properly pleaded complaint.

In deciding a motion to dismiss, the Court must accept "all of the allegations in the complaint as true and draw[ ] all reasonable inferences in favor of plaintiffs." *In re Scholastic Corp. Securities Litigation,* 252 F.3d 63, 69 (2d Cir.2001)(citing *Press v. Chem. Inv. Servs. Corp.,* 166 F.3d 529, 534 (2d Cir.1999)). "[D]ismissal is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Id.* (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). The question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995)(quoting *Scheuer v. Rhodes,* 416 U.S. 232, 235–236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000)(quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998)).

Even under this favorable standard, however, the complaint must be dismissed for failure to adequately plead the requisite elements of an ADA claim. *See* FED. R. CIV. P. 8(a)(2); 12(b)(6). To state a claim under the ADA, it is elemental that plaintiff must allege that she suffers from a "disability" as defined by the Act. Not every limitation or impairment constitutes a "disability" for purposes of the ADA statute. In pertinent part, the ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such an individual." 42 U.S.C. § 12102(2). I find the complaint to be woefully inadequate in this regard. Plaintiff has failed to adequately allege that her frostbite and subsequent condition results in a limitation of a "major life activity" as defined by the Act. The regulations implementing the ADA set forth a non-exhaustive list of such major life activities, which include: "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and work-

ing."[3] 29 C.F.R. § 130.2(i). Plaintiff has failed to set forth with requisite specificity the "major life activity" that has been substantially limited by the effects of frostbite.

If plaintiff intends to allege that the major life activity of working is impacted, she must properly plead such a claim. She must plead a "substantial" impairment to her working ability.

■ A substantial impairment to the major life activity of working requires more than merely encountering problems with one particular job. A person will be considered to be "substantially limited" in the major life activity of working if she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). Thus, an individual who is unable to perform only a single job will *not* be considered disabled under the Act. *See, e.g., Murphy v. United Parcel Service, Inc.*, 527 U.S. 516, 524–525, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999) (claimant who was only able to perform the job of mechanic but who was able to drive a commercial vehicle is not unable to perform a class of jobs); *Muller v. Costello*, 187 F.3d 298, 313 (2d Cir.1999)(claimant who was only unable to perform job of a corrections officer is not disabled under the Act).

In this case, plaintiff's pleading is so deficient as to require dismissal. Plaintiff must allege "at a minimum" that she is "unable to work in a broad class of jobs." *Sutton v. United Air Lines*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Merely alleging that plaintiff's hands cannot be exposed to temperatures below 50 degrees Fahrenheit does not constitute an adequate pleading that plaintiff's work activity has been substantially impaired.

In light of the nature of plaintiff's alleged infirmity and her own activities in seeking other employment, I have grave doubts as to the likely success of plaintiff's claim. Prudence dictates, however, that plaintiff should be given leave to replead, if she can do so consistent with the requirements of FED. R. CIV. P. 11.[4] *See Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir.1995)(Generally, when a court dismisses a complaint because it does not comply with Rule 8, the court should grant plaintiff leave to file an amended complaint.); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991)("As a matter of procedure, when a complaint is dismissed pursuant to Rule 12(b)(6) and the plaintiff requests permission to file an amended complaint, that request should ordinarily be granted.").

## CONCLUSION

Defendant's motion to dismiss (Dkt.# 4) is granted. Plaintiff is granted leave to

---

3. The Second Circuit has determined that EEOC regulations are entitled to " 'great deference' in interpreting the ADA." *Muller v. Costello*, 187 F.3d 298, 312 (2d Cir.1999) (citation omitted).

4. The parties have labored to some degree as to whether plaintiff can overcome the pleading defects articulated above by alleging that she suffers from Raynaud's Phenomenon, a blood circulation disorder. Clearly, simply putting a name to plaintiff's alleged medical condition will not cure these pleading defi-

ciencies, since the relevant inquiry under the ADA focuses on the actual limitations caused by a claimant's impairments and the effect of these impairments on a claimant's major life activities. Defendant has interpreted plaintiff's reference to Raynaud's Phenomenon as an attempt to introduce a new claim that was *not raised in her initial EEOC charge*. Based on the current record before me, I cannot at this point say that plaintiff's claim of Raynaud's phenomenon is unrelated to her initial claim of complications due to frostbite.

file an amended complaint within twenty (20) days of entry of this Decision and Order.

IT IS SO ORDERED.