### Duane A. SAUNDERS, Plaintiff

v.

### BALTIMORE COUNTY, MARYLAND, Defendant

### No. JFM–01–CV–1291.

United States District Court, D. Maryland.

Sept. 19, 2001.

---

Plaintiffs' claim would still be barred by judicial privilege.

15. *See generally* 12 Am.Jur.2d *Breach of Promise* §§ 13–16 (1997).

Jimmy A. Bell, Law Office of Jimmy A. Bell, Upper Marlboro, MD, for Plaintiff.

Paul McLane Mayhew, Assistant County Attorney, Towson, MD, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff Duane A. Saunders, a corrections officer who suffers from asthma, has brought an action under the Americans with Disabilities Act of 1990 ("ADA," or "the Act"), 42 U.S.C. § 12101 *et seq.*, alleging discrimination based upon disability. The defendant is Saunders' employer, Baltimore County, Maryland. The defendant has moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the motion will be granted.

## I.

Saunders has worked as a corrections officer for Baltimore County since September 1998. He alleges that he is assigned to work in a dirty, dry, and unventilated area of the Baltimore County Detention Center, that he suffered an asthma attack so severe it required hospitalization, and that his superiors have refused his requests for an accommodation of his disability, thus discriminating against him.

Saunders was diagnosed with asthma at birth and has been continuously medicated for it. His current treatment includes daily medication, twice-weekly asthma shots, and use of an inhaler. On July 31, 1999, Saunders suffered an asthma attack and was hospitalized. Upon his return to work, on or about August 1, 1999, Saunders asked to be reassigned to a better ventilated area of the detention center. His request was denied. On December 10, 1999, Saunders met with the warden of the detention center, presented a doctor's letter, and repeated his request for an accommodation. Again, his request was denied.

On June 28, 2000, the district director of the U.S. Equal Employment Opportunity Commission ("EEOC") made a determination that Saunders had been discriminated against under the ADA.[1] Plaintiff brought

---

1. Plaintiff offers no details regarding the EEOC determination, but asserts nonetheless that the determination alone is reason to deny the present motion. Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss at 5. To the contrary, the district court's examination of the matter is independent of the EEOC's. *See Ihekwu v. City of Durham, N.C.,* 129 F.Supp.2d 870, 883 n. 3 (M.D.N.C.2000).

suit[2] on May 1, 2001, alleging a single count of discrimination based on disability in violation of the ADA.

## II.

### A.

The ADA prohibits discrimination by employers who are covered by the Act against qualified individuals with disabilities. 42 U.S.C. § 12112(a). Discrimination can take a variety of forms under the statute, including failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" who is an applicant or employee, unless the employer proves such an accommodation would represent an undue hardship. 42 U.S.C. § 12112(b)(5)(A). The statute defines a qualified individual as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The Act defines a "disability" to include: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being

regarded as having such an impairment." 42 U.S.C. § 12102(2).

To establish a prima facie case under the ADA, a plaintiff must prove as a threshold matter that he is disabled under the Act. *See, e.g., Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 (4th Cir.2001) (requiring showing of disability in failure to accommodate and unlawful termination case under the ADA, brought by plaintiff who suffered from asthma and migraine headaches).[3] That is the central issue in this motion. It is at this threshold level of the inquiry that the Plaintiff's complaint fails to state a claim upon which relief can be granted. The Plaintiff does not demonstrate either that he is actually disabled under the ADA, or that his employer, Baltimore County, regards him as disabled. The two arguments are considered in turn below.[4]

### B.

First, Saunders fails to demonstrate that he is actually disabled under 42 U.S.C. § 12102(2)(A) of the Act. Even assuming Saunders has a physical impairment that remains partially uncorrected and thus disabling, he has failed to allege that his impairment has substantially limited his pursuit of a major life activity.

**2.** Plaintiff originally named as defendant Major Dale McIntyre of the Baltimore County Detention Center. After McIntyre filed a motion to dismiss on the ground that he was not a proper defendant, Plaintiff amended his complaint to name the Baltimore County Detention Center as defendant instead of McIntyre. The County, in its motion to dismiss, noted that the appropriate legal entity under the county charter for purposes of suit was Baltimore County, Maryland, and responded in that capacity. Accordingly, the case is treated as one against Baltimore County.

**3.** Other elements of the prima facie case of failure to accommodate are that the employer had notice of the disability, that with reasonable accommodation the employee could per-

form the essential functions of the position, and that the employer refused to make the requisite accommodations. *Rhoads*, 257 F.3d at 387 n. 11. As only the issue of Plaintiff's disability is raised by the Defendant, and as that is decisive to this motion, it is the only element of the test discussed in this Memorandum.

**4.** The other component of the definition of a "disability" under the ADA is that an individual has a "record of ... an impairment." 42 U.S.C. § 12102(2)(B). Plaintiff no where alludes to any record of his disability or otherwise appears to base his claim upon this provision.

**568**

In *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), the Supreme Court, referring to EEOC regulations, identified three components of disability under the Act. They are: "(1) 'physical or mental impairment,' (2) 'substantially limits,' and (3) 'major life activities.'" *Id.* at 479, 119 S.Ct. 2139 (*quoting* 29 C.F.R. § 1630.2(h)—(j) (1998)). The Court held that the ADA requires that a plaintiff's condition be assessed with consideration of how it has been corrected or mitigated, such as through the use of medicines or adaptive devices. *See* 527 U.S. at 482, 119 S.Ct. 2139. The inquiry is necessarily an individualized one, *Id.* at 483, 119 S.Ct. 2139; *see also Tangires v. Johns Hopkins Hosp.*, 79 F.Supp.2d 587, 594—95 (D.Md. 2000), *aff'd* 230 F.3d 1354 (4th Cir.2000) (explaining that the requirement of an individualized analysis is "particularly appropriate in the context of a disability claim based on asthma").

Accepting the pleaded facts as true and viewing them in the light most favorable to the Plaintiff, *see, e.g., Santiago v. Giant Food, Inc.*, 2001 WL 118628, *6 (D.Md. Feb. 5, 2001), it appears that Plaintiff's asthma may not have been fully corrected or correctable and that he continues to suffer some physical impairment. Saunders indicates that he is taking medication for his asthma, receiving regular injections, and using an inhaler, and that he has been "continuously" on medication since his diagnosis. Am. Compl. ¶¶ 5, 8. Even so, he suffered an asthma attack in July 1999 so severe it required hospitalization. Am. Compl. ¶ 9. The asthma attack indicates Saunders' asthma has not been corrected so as to render him free of disability, assuming for purposes of this motion that Saunders was taking all appropriate medication at the time of the attack.[5] *Cf. Tangires*, 79 F.Supp.2d at 596 (finding plaintiff whose asthma was correctable but who refused to take her medication not to be substantially limited in a major life activity for purposes of the ADA). As the Court observed in *Sutton:* "The use of a corrective device does not, by itself, relieve one's disability. Rather, one has a disability under subsection (A) if, notwithstanding the use of a corrective device, that individual is substantially limited in a major life activity." 527 U.S. at 488, 119 S.Ct. 2139.

Even assuming the Plaintiff in this case suffers from a physical impairment that has not been fully corrected, however, his claim still falls short because he has not alleged any facts indicating that he has been substantially limited in a major life activity as a result of his asthma. Two major life activities frequently are implicated in asthma cases brought under the ADA: breathing and working. *See, e.g., Mayers v. Washington Adventist Hosp.*, 131 F.Supp.2d 743, 749 (D.Md.2001), *Comber v. Prologue, Inc.*, 2000 WL 1481300, *4 (D.Md. Sept. 28, 2000). The Fourth Circuit has held that where a plaintiff claims disability "based on a substantial limitation of a major life activity other than working, but her condition is aggravated solely by her workplace environment, her claim must be assessed under our foreclosure test for a limitation on working." *Rhoads*, 257 F.3d at 389.

In this case, Plaintiff does not specifically plead a limitation on a major life activity in his Amended Complaint. Plaintiff alleg-

---

5. Plaintiff does not indicate whether the attack occurred at work or exactly what triggered the attack Nor does he indicate what sort of medication he was taking at the time, other than to say he has been "continuously" on medication since his diagnosis. Am. Compl. ¶ 5. For the purposes of this motion, it is assumed that Plaintiff's asthma attack was caused by his work environment.

es in his opposition to this motion that he is substantially limited in the major life activity of working, noting that discovery would allow him to "establish that his condition substantially limited his ability to work." Pl.'s Mot. in Opp'n at 5. It also is plausible to conclude for purposes of this motion that Plaintiff pleads a limitation on his ability to breathe, as he indicates in his complaint that his asthma, untreated, would be life-threatening. Am. Compl. ¶ 8. Construing the facts in the manner most favorable to the Plaintiff, and since Plaintiff does not specifically allege that his asthma is aggravated only by his work environment, both the major life activities of breathing and working will be examined in light of Plaintiff's facts.

Both breathing and working are identified in EEOC regulations as major life activities. 29 C.F.R. § 1630.2(i) (2001). The regulations define substantial limitation of these activities to include being "[u]nable to perform a major life activity that the average person in the general population can perform" or being "[s]ignificantly restricted" in the manner or duration in which the individual can perform the life activity as compared to the average person. 29 C.F.R. § 1630.2(j)(1). Factors to be considered in determining whether one is substantially limited in a major life activity include: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).

Plaintiff makes no claim that he suffers from difficulty breathing outside of his current work environment. He states only that he has constantly been medicated since his diagnosis, that he is under a doctor's care, and that he if he did not take his medication, he could suffer life-threat-ening health problems. Am. Compl. ¶¶ 5, 8. Analysis of a motion to dismiss may involve making reasonable factual inferences from a complaint and construing those inferences in the light most favorable to the Plaintiff. *See, e.g., Santiago,* 2001 WL 118628 at *6. A reasonable factual inference from this complaint is that the Plaintiff is on asthma medication that prevents him from suffering serious health problems. Further, Plaintiff indicates that a reassignment to a better ventilated area of the detention center would be acceptable to him. Am. Compl. ¶ 10. Taken together, these inferences suggest that Plaintiff is not uniformly restricted in his breathing, but encounters difficulty breathing only in the area of the detention center to which he is currently assigned. Thus, Plaintiff does not demonstrate a substantial limitation on his breathing ability in general. *See Mayers,* 131 F.Supp.2d at 749 (finding plaintiff who experienced only temporary difficulty in breathing due to extreme work conditions or seasonal changes was not substantially limited in her ability to breathe).

Plaintiff also is taken as alleging that he is substantially limited in the major life activity of working. Without deciding whether working is a major life activity under the ADA, a question reserved by the Supreme Court in *Sutton,* 527 U.S. at 492, 119 S.Ct. 2139, I find the Plaintiff's claim insufficient. To prove he is substantially limited in his ability to work, Plaintiff must show that he is unable to work in a broad class of jobs, not just "one type of job, a specialized job, or a particular job of choice." *Id.* at 492, 119 S.Ct. 2139; *see also Murphy v. United Parcel Service, Inc.,* 527 U.S. 516, 525, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999) (holding that being unable to perform only a particular job is insufficient as a matter of law to prove a person is substantially limited in the major

life activity of working), *Muller v. Costello*, 187 F.3d 298, 313 (2d Cir.1999) (holding that correctional officer is a single job, not a class of jobs). Plaintiff has failed to do this. Since his hiring in September 1998, he has continued to work as a corrections officer for Baltimore County. He has not indicated that his disability has precluded him from engaging in his particular job, much less the job of corrections officer generally or a broader spectrum of jobs. He pleads only that he finds his current work area "dirty, dry and unventilated." Am. Compl. ¶ 9. As the Fourth Circuit stated in *Rhoads*, a plaintiff who shows only that he or she cannot function in one particular work environment fails to make the requisite showing under the ADA of being substantially limited in the ability to work. 257 F.3d at 388. I find that Plaintiff here has not been substantially limited in the major life activity of working.

Because Plaintiff has failed to demonstrate that he has been substantially limited in a major life activity, he is not considered disabled under the ADA and is not entitled to its protections under 42 U.S.C. § 12102(2)(A).

### C.

■ In addition to the claim of actual disability discussed above, Plaintiff also may be viewed as seeking protection under the provision of the ADA that protects individuals who are "regarded as having . . . an impairment," 42 U.S.C. § 12102(2)(C), whether or not they actually are disabled. Plaintiff refers to this provision of the ADA in his opposition to this motion. Pl.'s Mot. in Opp'n at 4. Under this provision, an individual may be protected by the ADA if "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes

that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton,* 527 U.S. at 489, 119 S.Ct. 2139.

The inquiry under 42 U.S.C. § 12102(2)(C) is distinct from that under 42 U.S.C. § 12102(2)(A), discussed above. *See id.* In this part of the inquiry, the plaintiff need not prove he or she is actually disabled. The inquiry under 42 U.S.C. § 12102(2)(C) does not, however, dispense with the need to demonstrate that the employer, as the covered entity, believes that the employee suffers from a substantial limitation on a major life activity and treats the employee accordingly. *See id.* at 490—94, 119 S.Ct. 2139.

■ As discussed above, Plaintiff has failed to indicate that he was substantially limited in any major life activity, and he fails to allege any facts suggesting that his employer perceives him as disabled or harbors misperceptions about his asthma. To the contrary, Plaintiff alleges only that he has repeatedly discussed his asthma with detention center officials and that they have declined to provide him with a new assignment. Detention center officials appear to be treating Plaintiff not as someone they believe to be limited in his ability to work, but as someone capable of performing his job as currently constituted. It is not enough to assert only that the employer was aware of the employee's disability. *Haulbrook v. Michelin North America, Inc.,* 252 F.3d 696, 703 (4th Cir. 2001); *see also Rhoads,* 257 F.3d at 391 (affirming grant of summary judgment for defendant where plaintiff proved only that her employers knew she suffered from asthma and migraines, but doubted the severity of her condition). Thus, Plaintiff also has failed to state a claim under 42 U.S.C. § 12102(2)(C) of the ADA. For these reasons, Defendant's Motion to Dismiss is granted. A separate order effect-

ing the rulings made in this memorandum is attached.

## *ORDER*

For the reasons stated in the accompanying memorandum, it is, this _____ day of September 2001 ORDERED that the Defendant's Motion to Dismiss for failure to state a claim is granted.