Mary PUCKETT, Plaintiff,

v.

**PARK PLACE ENTERTAINMENT, CORP., a Delaware corporation d.b.a. Reno Hilton, Defendant.**

No. CVN030327ECR(VPC).

United States District Court, D. Nevada.

Aug. 17, 2004.

Ian E. Silverberg, Hardy & Associates, Reno, NV, for Plaintiff.

Patrick H. Hicks, Susan Heaney and Karyn M. Taylor, Littler Mendelson, PC, Reno, NV, for Defendant.

### ORDER

REED, District Judge.

We now consider Defendant Park Place Entertainment, Corp.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint (# 18). Plaintiff Mary Puckett ("Plaintiff") filed an opposition (# 20) to the motion, and Defendant replied (# 22).

### BACKGROUND

Plaintiff has sued Defendant for alleged violations of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12101 *et seq,* filing her original complaint (# 2) on June 20, 2003. Thereafter, Defendant filed a motion (# 6) to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), which we granted by way of an order (# 14) filed November 26, 2003. In that order, we held, among other things, that Plaintiff failed to properly allege that she was disabled for purposes of the ADA. We therefore dismissed Plaintiff's ADA claim for disability discrimination, but we granted Plaintiff leave to file an amended complaint.

Plaintiff filed her First Amended Complaint (the "amended complaint") (# 17) on December 15, 2003. In the amended complaint, Plaintiff alleges that she worked satisfactorily for Defendant as a cocktail waitress in the Reno Hilton for several years. (Am. Compl. at 1–2.) On May 11, 2001, however, Plaintiff was not able to work because of a back injury. (*Id.* at 2.) In the process of treating for this injury, Plaintiff was diagnosed with multiple sclerosis ("MS"). (*Id.*)

The complaint is quite brief as to the symptoms of Plaintiff's MS, stating only that Plaintiff becomes overheated and fatigued while working. (*Id.*) This overheating and fatigue, Plaintiff contends, "amount[s] to a physical impairment that substantially limit[s] [Plaintiff] in the major life activities of working and lifting." (*Id.*) In fact, the symptoms are such that without a reasonable accommodation Plaintiff would not be able to perform the essential functions of her job. (*Id.*)

After being released back to work, Plaintiff requested that Defendant accommodate her disability by allowing her to wear a lighter fabric shirt and use a drink cart "when she felt she needed to do so." (*Id.*) Defendant denied this request and attempted to fire Plaintiff. (*Id.*) The decision to fire Plaintiff was rescinded, though, because of a pending worker's compensation claim related to Plaintiff's back injury. (*Id.*) Defendant refused to place Plaintiff

in her prior job, leaving Plaintiff employed but jobless for more than one year. (*Id.*)

Plaintiff alleges that Defendant violated the ADA by failing to reasonably accommodate her disability and engage in the interactive process of searching for a reasonable accommodation.[1] (*Id.*) Defendant argues in favor of dismissal of the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Plaintiff is not disabled within the meaning of the ADA.

## DISCUSSION

### I. Fed.R.Civ.P. 12(b)(6) Standard

■ Dismissal for failure to state a claim is proper only if it is beyond doubt that plaintiff can prove no set of facts in support of her claim that would entitle plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir.1996). However, although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

■ While review is limited to the contents of the complaint, if matters outside the pleadings are submitted, the motion to dismiss may be treated as one for summary judgment if the district court relies on the materials. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996); *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)) (alteration in original). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *In re Stac Elecs.*, 89 F.3d at 1403.

### II. Disability under the ADA

■ The ADA makes it unlawful for covered entities, including private employers, to discriminate against qualified individuals with disabilities. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). The statute provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

To qualify for relief under the ADA a plaintiff must show that: "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job she holds or seeks; and (3) that she suffered an adverse employment action because of her disability." *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1156 (9th Cir.2000). Defendant attacks the first element, arguing that the amended complaint does not allege that Plaintiff is disabled for purposes of the ADA.

### A. Definition of Disability

■ The ADA defines the term "disability" as: "(A) a physical or mental impair-

---

1. Plaintiff's amended complaint also includes state law claims for negligent hiring, negligent supervision and negligence per se. However, these claims were dismissed by stipulation of the parties (# 27).

ment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." § 12102(2).[2] The inquiry into whether a person is disabled under the first part of this definition involves a three-part analysis: (1) does the individual have a physical or mental impairment; (2) does such impairment limit one or more of the major life activities of the individual; and (3) is such limitation substantial. § 12102(2)(A); *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 194–95, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

### 1. Impairment

■ Clearly, Plaintiff's MS qualifies as a physical impairment for purposes of the ADA, satisfying the first part of the disability analysis. *See Braunling,* 220 F.3d at 1157 (finding the plaintiff disabled under the ADA where she suffered "some of the debilitating consequences of [MS] such as poor ambulation ability and extreme fatigue"); *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1174 (10th Cir.1999) (finding plaintiff disabled where MS caused "numbness, pain, fatigue, cramps, blurred vision, fainting spells, forgetfulness, loss of balance and incontinence").

### 2. Major Life Activities

The amended complaint alleges that Plaintiff's MS limits her major life activities of working and lifting. The Equal Employment Opportunity Commission's regulations implementing the ADA list working as a major life activity. 29 C.F.R.

§ 1630.2(i). Nonetheless, the deference due these regulations has been called into question, and it is not clear that they carry the force and effect of law. *See Sutton,* 527 U.S. at 479–80, 119 S.Ct. 2139 (noting that "[n]o agency ... has been given authority to issue regulations implementing the generally applicable provisions of the ADA," but declining to decide what deference, if any, the regulations should be given). In addition, as of yet the Supreme Court has declined to answer the question whether working is a major life activity.[3] *See id.* at 492, 119 S.Ct. 2139. However, courts routinely assume working to be a major life activity, and, as the parties have not raised this issue, we will make the same assumption. *Id.; Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 795 n. 1 (9th Cir.2001); *Niimi–Montalbo v. White,* 243 F.Supp.2d 1109, 1122 n. 6 (D.Hawai'i 2003).

■ In contrast to working, there is no question that lifting is a major life activity under the ADA. *Thompson v. Holy Family Hosp.,* 121 F.3d 537, 539 (9th Cir.1997) (citing 29 C.F.R. Pt. 1630, App. § 1630.2(i) (1996)). Therefore, the amended complaint also satisfies the second part of the disability analysis.

### 3. Substantial Limitation

■ Regarding the major life activity of working, the Supreme Court in *Sutton* held that "the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton,*

---

2. As there is nothing in the amended complaint or otherwise indicating that Plaintiff had a record of such an impairment or was regarded as having such an impairment, subsections (B) and (C) of § 12102(2) are inapplicable.

3. In *Sutton,* the Court noted that the argument in favor of work as a major life activity

is circular. 527 U.S. at 492, 119 S.Ct. 2139. That is, "it seems to argue in a circle to say that if one is excluded, for instance, by reason of an impairment, from working with others then that exclusion constitutes an impairment, when the question you're asking is, whether the exclusion itself is by reason of handicap.". *Id.* (quotation marks, brackets, ellipses and citation omitted).

527 U.S. at 491, 119 S.Ct. 2139. The Court further explained as follows:

> To be substantially limited in the major life activity of working ... one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different jobs are available, one is not precluded from a broad range of jobs.[4]

*Id.* at 492, 119 S.Ct. 2139. Plaintiff's amended complaint falls well short of this requirement.

■ Plaintiff alleges that the physical limitations resulting from her MS "were substantial in that without a reasonable accommodation [she] would not be able to perform the essential functions of her job even though she was qualified to do so." (Am. Compl. at 2.) Plaintiff further contends that while working she becomes overheated and fatigued. (*Id.*) Even reading these allegations in the light most favorable to Plaintiff, they are not sufficient to allege that Plaintiff is "unable to work in a broad class of jobs." *Sutton,* 527 U.S. at 491, 119 S.Ct. 2139. An allegation that Plaintiff has difficulty working in her current job is not enough. *Id.; Dean v. Westchester County P.R.C.,* 309 F.Supp.2d 587, 594–95 (S.D.N.Y.2004) (dismissing complaint that alleged the plaintiff was unable to work night shifts or write song lyrics because such limitations did not preclude the plaintiff from working in a broad range of jobs); *Chille v. United Airlines,* 192 F.Supp.2d 27, 30 (W.D.N.Y.2001) (explaining that "[a] substantial impairment to the major life activity of working re-

quires more than merely encountering problems with one particular job"); *Saunders v. Baltimore County, Maryland,* 163 F.Supp.2d 564, 570 (D.Md.2001) (finding deficient under *Sutton* a complaint that did not allege that the plaintiff was precluded from working in a broad spectrum of jobs); 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."). Consequently, Plaintiff has failed to properly allege that her MS substantially impairs her major life activity of working.

■ Plaintiff's amended complaint is also deficient regarding the major life activity of lifting. The amended complaint does not point to any particular limitation on Plaintiff's ability to lift. Rather, it asserts the legal conclusion that Plaintiff's MS "amounted to a physical impairment that substantially limited her in the major life activit[y] of ... lifting." (Am. Compl. at 2.) Plaintiff offers no specific information regarding the extent or nature of her lifting limitation.

While the amended complaint does state that Plaintiff becomes overheated and fatigued while working, this offers little help regarding the issue of Plaintiff's ability to lift. Because Plaintiff works as a cocktail waitress, presumably she is required to do a great deal of walking, standing, etc., in addition to lifting. That Plaintiff becomes overheated and fatigued while at work could be the result of lifting, but it could also stem from Plaintiff's other duties as a cocktail waitress. On this point, the amended complaint is unclear. Additionally, Plaintiff does not allege that her ability to lift is generally limited, only that

---

**4.** This holding applies with equal force to the present case even though in *Sutton* the plaintiffs claimed their employer mistakenly regarded them as disabled because in both regarded as and actual disability cases the plaintiff must "show that the impairment or perceived impairment 'substantially limits' one or more major life activities." *Fotos v. Internet Commerce Express, Inc.,* 154 F.Supp.2d 212, 216 (D.N.H.2001).

she experiences difficulty while at work. *See Saunders,* 163 F.Supp.2d at 569 (dismissing complaint that alleged the plaintiff experienced difficulty breathing in one location of his work area, but did not experience similar difficulty breathing in general).

 The EEOC regulations[5] offer additional guidance on the definition of substantial limitation, explaining that a person is substantially limited if she is "unable to perform a major life activity that the average person in the general population can perform," or is "[s]ignificantly restricted as to the condition, manner or duration under which [she] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). Factors that may be considered in determining whether a limitation or impairment is substantial include: "(i) [t]he nature and severity of the impairment; (ii)[t]he duration or expected duration of the impairment; and (iii)[t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Id.* at § 1630.2(j)(2). Although these factors offer sound guidance, it is impossible to consider Plaintiff's lifting limitation in light of the factors because the amended complaint simply offers nothing regarding the nature of Plaintiff's limitation. Hence, the complaint does not properly allege that Plaintiff is substantially limited in her ability to perform the major life activity of lifting.

Because Plaintiff has not shown that her major life activities of working and lifting are substantially limited by her MS, she has not properly stated a claim that she is disabled for purposes of the ADA. Thus, Plaintiff's amended complaint will be dismissed.[6]

### III. Leave to Amend

 In her opposition to Defendant's motion to dismiss, Plaintiff requests leave to further amend her complaint. Leave to amend under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires," and there is a strong policy in favor of permitting amendment. *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999). Rule 15(a) is to be applied with extreme liberality. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1482 (9th Cir.1997). The factors of undue delay, bad faith, futility of amendment and prejudice to the opposing party can be considered by a district court in deciding whether to permit amendment. *Id.*

 As far as Plaintiff's allegation that she is substantially limited in her ability to work, Plaintiff's motion will be denied. In ruling on Defendant's first motion to dismiss, we specifically cited *Sutton* and explained that to survive dismissal Plaintiff would have to allege that her MS precludes her from working in a broad class of jobs. As discussed above, Plaintiff's amended complaint does not meet this standard and there is nothing in the record that indicates Plaintiff could further amend to comply with *Sutton.*

 However, Plaintiff is entitled to one more chance regarding her alleged lifting limitation. We did not address this limitation in our first order and Plaintiff has not had the opportunity to amend on

---

5. As mentioned previously, it is unclear what amount of deference courts should give the EEOC's regulations. *Sutton,* 527 U.S. at 479–80, 119 S.Ct. 2139. The regulations nonetheless offer valuable guidance.

6. Because we find Plaintiff has not alleged that she is disabled under the ADA, we need not address the other issues raised in Defendant's motion.

this issue. Clearly, MS is a serious physical impairment. If Plaintiff is able to do so, she may amend her complaint to properly detail the nature and extent of the limitation on her ability to lift.

*IT IS, THEREFORE, HEREBY OR-DERED* that, as addressed above, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (# 18) is **GRANTED**. The Fist Amended Complaint (# 17) is **DISMISSED**.

*IT IS FURTHER ORDERED* that, as addressed above, Plaintiff's motion for leave to file an amended complaint is **GRANTED** in part and **DENIED** in part. Plaintiff shall have 20 days within which to file a Second Amended Complaint that further details the alleged limitation on her ability to lift.