# United States Court of Appeals

## For the First Circuit

No. 07-1595

DELIA RUIZ RIVERA,

Plaintiff-Appellant,

v.

PFIZER PHARMACEUTICALS, LLC

Defendant-Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

Before

Lipez and Howard, Circuit Judges,
and Smith,[*] District Judge.

_____

Wilma Reveron Collazo, with whom Alberto J. Torrado Delgado was on brief, for appellant.
Mariela Rexach, with whom Carl Schuster and Schuster Aguilo LLP were on brief, for appellee.

_____

March 27, 2008

_____

[*]Of the District of Rhode Island, sitting by designation.

**SMITH**, <u>District Judge</u>.  This case presents as a so-called "regarded as" disability claim under the Americans with Disabilities Act ("ADA").  However, as the discussion below reveals, once the layers of argument are stripped away, the regarded as claim is revealed to be a chimera.  Thus, the District Court's grant of summary judgment, on reconsideration, as to the regarded as claim was appropriate, and the judgment is affirmed.

I.   Facts and Background

In late 1997, appellant Delia Ruiz Rivera ("Ruiz Rivera") began working, on a temporary basis, as a packaging operator in appellee Pfizer Pharmaceutical LLC's ("Pfizer") Puerto Rico facility.  Nearly one year later, Ruiz Rivera achieved regular employee status when she was assigned to Pfizer's bottling department.  Ruiz Rivera's position as a packaging operator in the bottling department involved pouring pills, bottles, and caps, monitoring the conveyor, packing and inspecting the product, and cleaning machinery.

Ruiz Rivera became pregnant several months after becoming a regular employee.  As her pregnancy progressed, she submitted several notes from her doctor to Pfizer informing it of certain medical-related limitations, including a recommendation that she avoid walking long distances, that her shifts be limited, and that she work only in a seated position.

In August 1999, Ruiz Rivera informed Pfizer of several medical problems, including edema, numbness, and continued effects of a potentially herniated disc. Based on her doctor's recommendations, Pfizer, through its in-house physician, Dr. Felix, authorized a short leave of absence. Soon after Ruiz Rivera returned from leave, she submitted to Dr. Felix another medical certificate from Dr. Ramos, her physiatrist, asking that she be excused from work from August 30, 1999 through November 1, 1999, citing her herniated disc-related medical problems. Accordingly, Pfizer granted her temporary non-occupational disability leave until November. Come November, Ruiz Rivera sought and was provided another medical leave until January 1, 2000. She gave birth in late December, at which time her eight-week maternity leave commenced.

At the completion of her maternity leave, Ruiz Rivera submitted to Dr. Felix at Pfizer a medical certificate from Dr. Ramos indicating that she was being treated for carpal tunnel syndrome and lumbo sacral disc herniation. Dr. Ramos indicated that Ruiz Rivera was fit to return to work, with specific limitations, recommended that she avoid repetitive hand motions, placing her hands over her shoulders, lifting, pushing, holding, and bending, and placed a twenty-five pound limitation on how much she could lift. At the same time, Ruiz Rivera presented to Dr. Felix a medical certificate from a different doctor diagnosing her

-3-

with major depression.  Based on these two submissions, Pfizer granted an additional month of leave benefits to Ruiz Rivera.  On March 27, 2000, after Ruiz Rivera had been on authorized leave for nearly seven straight months, she returned to work and insisted that Pfizer implement her doctor's earlier recommendations and restrictions.  Dr. Felix informed Ruiz Rivera that there were no opportunities available where she could work with such stringent limitations; however, Dr. Felix agreed to confer with Dr. Ramos, and prepared for him a consultation form regarding Ruiz Rivera's condition, treatment options, and rehabilitation opportunities.

After an additional week of leave, Ruiz Rivera reported back to work at Pfizer.  At that time, she provided to Dr. Felix a consultation report which provided, in pertinent part:

> Diagnosis
>
> Left Carpal Tunnel Syndrome
> Both Wrists Tendinitis
> $L_5 S_1$ Discs
> Herniation
>
> These are progressive diseases and may deteriorate her condition. She uses wrists splints at night and gets anti-inflammatory and muscle relaxants, and needs to protect the affected areas from damage. . . . She should have some restrictions at her work area, so she can do her job with minimal deterioration of her condition. These restrictions should last at least six months, but may be longer.
>
> -Avoid repetitive motions of hands
> -Avoid hands-over-the shoulders position
> -Do not lift over 25 lbs.

-4-

             -Limit lifting-carrying-pushing-pulling-
              holding-bending.

Based on the information provided and the restrictions imposed by Dr. Ramos, Dr. Felix concluded that, "[i]n view of this [sic] recommendations and after conversation with [plaintiff's] work area supervisor where she can not perform the essential tasks of her job and needs her hands I do not recommend a RTW [return to work] to prevent further aggravation or lesion.  Case discussed [with] HR [Human Resources] for plan of action."

      Ruiz Rivera later spoke to Frances Guzman, Pfizer's Assistant Personnel Manager, who advised her that Pfizer did not have to accommodate the restrictions imposed by her doctor because, in Guzman's view, Ruiz Rivera was not disabled under the ADA.[1] Guzman testified at her deposition that she explained to Ruiz Rivera that because she wasn't entitled to accommodation, she should pursue medical leave and again seek temporary non-occupational disability insurance.  Ruiz Rivera asserts that Guzman also told her that because of the conditions imposed by her

---

[1] At her deposition, Guzman testified as follows:

> [B]ecause there is no permanent disability, and this is exactly how I explained it to her, and it's based on what her physician is saying, I don't have to make an accommodation under the ADA . . . . And then I explained that what her doctor is writing, in fact she cannot perform the duties of a packaging operator . . . but that this is not a qualified condition.

physicians, there was no opportunity for her to work at Pfizer or at any other pharmaceutical company. While Pfizer took no action to terminate her at this point, Ruiz Rivera did not return to work after these conversations.

Approximately three months later, in a letter dated June 21, 2000, Pfizer requested that Ruiz Rivera return for a meeting to discuss her health and status. Ruiz Rivera responded by letter shortly thereafter, but did not accept Pfizer's request for a meeting. Approximately six months later, Pfizer again wrote to Ruiz Rivera requesting that she return to work. Ruiz Rivera did not respond. After Ruiz Rivera rebuffed this request, Pfizer officially terminated her employment.[2]

The Amended Complaint (the "Complaint") in this matter alleged numerous violations of federal and Puerto Rico law, including the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 - 12213; the Puerto Rico law counterpart to the ADA, Law No. 44 of July 2, 1985 ("Law 44"); Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq.; the Pregnancy Discrimination Act; the Puerto Rico Pregnant Mothers Protection Act (Act No. 3 of March 13, 1942); the Puerto Rico Sex Discrimination in Employment Act (Act No. 69 of July 6, 1985); the Puerto Rico Discrimination in

---

[2] By this point, Ruiz Rivera already had begun to pursue her discrimination claims against Pfizer. She filed a formal administrative complaint before the Puerto Rico Labor Department Anti-Discrimination Unit and the Equal Employment Opportunity Commission in May, 2000.

-6-

Employment Act (Act No. 100 of June 30, 1959); and Puerto Rico's Law 80 of May 30, 1976. Through summary judgment, Pfizer moved for dismissal of the Complaint. Soon after, the parties stipulated to dismissal with prejudice of all but the ADA and Law 44 claims. In support of its motion for summary judgment, Pfizer argued that Ruiz Rivera was not disabled within the meaning of the ADA, that she thus could not establish a prima facie case of disability discrimination, and as a result, she was not entitled to any accommodations. In response, Ruiz Rivera asserted that she was disabled under the ADA insomuch as she was "substantially limited in the major life activity of sitting and standing," and that Pfizer's failure to accommodate her disability violated the ADA. In the alternative, she argued in her summary judgment opposition papers that she was not disabled in the sense that she was not "substantially limited on the major life activity of working" but that Pfizer regarded her as such when it refused to accommodate the restrictions imposed by her doctors. Notably, as we discuss in more detail below, this was the first time that Ruiz Rivera raised the regarded as claim with any degree of specificity.[3]

---

[3] The claims we discuss herein - failure to accommodate a disability, termination because of one's disability, and termination of employment based on a perceived disability - are all cognizable causes of action under the ADA. For simplicity, we will refer collectively to the claims dismissed by the District Court as the failure to accommodate claim and to the remaining claim as the regarded as claim.

The District Court conducted a thorough analysis of Ruiz Rivera's failure to accommodate claim. See generally Ruiz Rivera v. Pfizer Pharm. LLC, 463 F. Supp. 2d 163 (D.P.R. 2006). The District Court determined that the record was devoid of evidence showing that Ruiz Rivera was disabled in any major life activity, and, accordingly, found that she was not entitled to accommodation. See id. at 172-75. The District Court then went on to assess Ruiz Rivera's purported parallel claim that she was not disabled, but that Pfizer terminated her because it mistakenly regarded her as disabled. Based on statements allegedly made by Dr. Felix and Ms. Guzman, the District Court denied summary judgment, stating that Ruiz Rivera had "proffered sufficient evidence to establish a prima facie case that Pfizer regarded her as having an ADA-covered impairment which prevented her from going back to work and which led to her eventual termination." Id. at 176-77.[4]

Pfizer filed a Motion for Reconsideration on December 14, 2006, arguing that Ruiz Rivera's regarded as claim was legally insufficient if based solely on statements made in connection with her request for reasonable accommodation. Rather than rebut Pfizer's legal argument, in her opposition Ruiz Rivera asserted only that reconsideration was inappropriate. The District Court,

---

[4] The District Court simultaneously granted in part and denied in part Pfizer's motions for summary judgment on Ruiz Rivera's Law 44 claims, as Law 44 mirrors the ADA and required no separate analysis.

in response, reversed course and issued an Order granting Pfizer's Motion for Reconsideration and dismissing the regarded as claim.[5] Ruiz Rivera timely appealed that ruling to this Court, though she did not appeal the District Court's grant of summary judgment on the failure to accommodate claim.

## II.  Standard of Review

We review a district court's decision to grant or deny a motion for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for manifest abuse of discretion. See Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007); DiMaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co., 448 F.3d 460, 462 (1st Cir. 2006).  This is the case because the district court has substantial discretion and broad authority to grant or deny such a motion.  United States v. 5 Bell Rock Rd., 896 F.2d 605, 611 (1st Cir. 1990).  A court appropriately may grant a motion for reconsideration "where the movant shows a manifest error of law or newly discovered evidence."  Kansky, 492 F.3d at 60.  Likewise, a motion for reconsideration should be granted if the court "has patently misunderstood a party

---

[5] The January 8, 2007 Order stated, in full:

> Defendant's Motion for Reconsideration (docket No. 67) is GRANTED.  Accordingly, the claims for termination due to Plaintiff's perceived disability under the Americans with Disabilities Act and Puerto Rico Law No. 44 of July 2, 1985, as amended, are hereby DISMISSED based on the arguments presented by defendant in its request for reconsideration.

-9-

. . . or has made an error not of reasoning but apprehension." Sandoval Diaz v. Sandoval Orozco, No. 01-1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1991 (7th Cir. 1990)).[6]

We review the district court's entry of summary judgment de novo. Desrosiers v. Hartford Life & Accident Co., 515 F.3d 87, 92 (1st Cir. 2008). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As was the case in the District Court, we must take the facts of record in the light most flattering to the nonmovant (here, Ruiz Rivera) and draw all reasonable inferences in her favor. See Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006); Dávila v. Corporación de Puerto Rico para la Difusión Pública, 498 F.3d 9, 12 (1st Cir. 2007). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist." Velázquez-Fernández v. NCE Foods, Inc., 476 F.3d 6,

---

[6] In her appellate brief, Ruiz Rivera explicitly sets forth as issues on appeal only the propriety of the district court's decision to reconsider its denial of summary judgment on the regarded as claims under the ADA and Law 44. Her argument in support, however, addresses primarily the substantive issue of whether summary judgment on these claims was appropriate. We consider the appeal to be both a challenge to the reconsideration and the entry of summary judgment. As to Ruiz Rivera's appeal of the district court's granting of Pfizer's motion for reconsideration, we find no manifest abuse of discretion. As to Ruiz Rivera's appeal of the district court's decision, on reconsideration, to grant Pfizer's motion for summary judgment on the regarded as claims, our discussion follows herein.

10 (1st Cir. 2007). Summary judgment cannot be defeated, however, "by relying on improbable inferences, conclusory allegations, or rank speculation." Id.

III. The Regarded As Claim

The ADA provides "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." Katz v. City Metal Co., 87 F.3d 26, 30 (1st Cir. 1996) (quoting 42 U.S.C. § 12101(b)(1)). To establish a prima facie case of disability discrimination under the ADA, a plaintiff must prove: (1) that she was "disabled" within the meaning of the ADA; (2) that she was able to perform the essential functions of her job with or without accommodation; and (3) that she was discharged or adversely affected, in whole or in part, because of her disability. Id.; see also Orta-Castro v. Merck, Sharp & Dohme Química P.R., Inc., 447 F.3d 105, 111 (1st Cir. 2006). For purposes of the ADA, one is considered disabled if she (a) has a physical or mental impairment that substantially limits one or more of her major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1166 (1st Cir. 2002); see also 42 U.S.C. § 12102(2). The regarded as prong of the ADA exists to cover those cases "in which 'myths, fears and stereotypes' affect the employer's treatment of an individual," Plant v. Morton Int'l, Inc., 212 F.3d 929, 938 (6th Cir. 2000)

-11-

(quoting 29 C.F.R. § 1630.2(l)), because Congress has recognized that "society's accumulated myths and fears about disability and disease are as handicapping as are the physical limitations that flow from actual impairment." Sullivan v. Neiman Marcus Group, Inc., 358 F.3d 110, 117 (1st Cir. 2004) (citations omitted).

Regarded as claims primarily fall into one of two categories: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." Sullivan, 358 F.3d at 117 (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999)).

"A plaintiff claiming that he is 'regarded' as disabled cannot merely show that his employer perceived him as somehow disabled; rather, he must prove that the employer regarded him as disabled within the meaning of the ADA." Bailey, 306 F.3d at 1169. When "working" is the major life activity at issue, a plaintiff "must demonstrate not only that the employer thought that he was impaired in his ability to do the job that he held, but also that the employer regarded him as substantially impaired in 'either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training,

skills, and abilities.'" <u>Sullivan</u>, 358 F.3d at 117 (quoting <u>Murphy v. United Parcel Serv., Inc.</u>, 527 U.S. 516, 523 (1999)).

Because Ruiz Rivera did not appeal the District Court's dismissal of her failure to accommodate claim, that issue is not before us. <u>Ruiz Rivera</u>, 463 F. Supp. 2d at 177. Therefore, it is the law of the case that for the periods of time relevant to this inquiry Ruiz Rivera was not disabled within the meaning of the ADA, did not have an impairment that substantially limited a major life activity, and Pfizer was not obligated to accommodate her. On appeal, however, Ruiz Rivera appears to continue to press her argument that her impairment renders her disabled and entitles her to accommodation, while simultaneously arguing that Pfizer mistakenly believed her to be substantially limited in a major life activity, regarded her as disabled, and terminated her as a result of this perception of disability.

From our review of Ruiz Rivera's submissions, from the Complaint to her papers on appeal, it is apparent that her regarded as claim is really nothing more than a poorly disguised version of her failure to accommodate claim. In fact, the initial pleading of her regarded as claim was so indistinct that Pfizer did not even move for summary judgment on that claim, apparently because it was unaware it had even been raised.[7] Indeed, the first time Ruiz

---

[7] The Complaint states, in pertinent part:

> 41.  Plaintiff alleges that the employer's termination because of plaintiff's

-13-

Rivera spells out her regarded as theory is in her Opposition to Pfizer's Motion for Summary Judgment, something that Pfizer strenuously, but unsuccessfully objected to as being an "11th Hour" claim. On appeal, with the failure to accommodate claim not on review, the only issue is whether the District Court erred in granting summary judgment on the regarded as claim, on a motion for reconsideration, after initially finding material facts in dispute and denying the motion. We can understand how the District Court may have been tripped up over this issue given the way in which Ruiz Rivera has plead and argued the case. But in the end, we think the District Court got to the right result, as we will explain.

---

disability was in violation of 42 USCA sec. 12112(a).

. . .

43. Plaintiff is "disabled" as defined by ADA, 42 USCA sec. 12102(2), in that she has a record of a physical and mental impairment that substantially limits one or more of her major life activities in that plaintiff's disability, to wit: a herniated disc and carpal tunnel syndrome . . . .

. . .

45. On March 27, 1999, Pfizer intentionally discriminated against plaintiff because of her disability as described above in that Pfizer terminated plaintiff because of her perceived disability.

We begin with the Complaint itself. As noted above, Ruiz Rivera's Complaint does not separate her failure to accommodate claim and her regarded as claim into distinct causes of action. The "First Cause of Action," which alleges that Pfizer's "termination because of plaintiff's disability was in violation of" the ADA, contains nothing that would signal to a reader that it intended to raise a regarded as claim. Instead, it affirmatively declares that Ruiz Rivera is "disabled," because "she has a record of a physical and mental impairment that substantially limits one or more of her major life activities." There is no factual allegation that Ruiz Rivera had any non-limiting impairment which Pfizer wrongly regarded as limiting a major life activity; any allegation that Pfizer had "stereotyped" her; or anything in fact that could remotely be characterized as a description of an impairment being mischaracterized or misperceived. Rather, the only indication that a regarded as claim might have been lurking in the shadows of the Complaint was the inclusion of the word "perceived" in one paragraph of her eleven paragraph First Cause of Action.

Paragraph 45 of the Complaint alleges: "On March 27, 1999, Pfizer intentionally discriminated against plaintiff because of her disability as described above in that Pfizer terminated plaintiff because of her <u>perceived</u> disability." (Emphasis added). While this paragraph could signal to a defendant that plaintiff is

-15-

asserting a regarded as claim, with no facts alleged to explain any false perception on Pfizer's part, and no facts alluding to any non-limiting impairment which Pfizer mistakenly believed to be substantially limiting, this allusion falls far short of the mark. As recently clarified by the Supreme Court, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007) (citations omitted), and "[t]o survive Rule 12(b)(6) dismissal, [a plaintiff's] well-pleaded facts must 'possess enough heft to sho[w] that [plaintiff is] entitled to relief.'" Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008) (quoting Twombly, 127 S. Ct. at 1959)). The fundamental purpose of our pleadings rules is to protect a defendant's "inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995). We do not think that the mere inclusion in the Complaint of the word "perceived" was enough to put Pfizer on notice that Ruiz Rivera was making a regarded as claim against it. On this basis alone, the regarded as claim was subject to dismissal.

Moreover, the Supreme Court has implied that regarded as claims under the ADA require an even greater level of specificity than other claims. Sutton, 527 U.S. at 489-91. In order to allege an actionable regarded as claim, a plaintiff must select and

identify the major life activity that she will attempt to prove the employer regarded as being substantially limited by her impairment. See <u>Sutton</u>, 527 U.S. at 491 (dismissing ADA regarded as claim in part for inadequacy of its pleading, wherein the petitioners failed to state "a claim that respondent regard[ed] their impairment as <u>substantially limiting</u> their ability to work"); <u>see also</u> <u>Amadio</u> v. <u>Ford Motor Co.</u>, 238 F.3d 919, 925 (7th Cir. 2001); <u>Kaiser</u> v. <u>Banc of Am. Inv. Servs., Inc.</u>, 296 F. Supp. 2d 1219, 1221 (D. Nev. 2003).

It is apparent from our review that at the time Ruiz Rivera filed her Complaint, regarded as disability discrimination was barely an afterthought - a throwaway line in one paragraph of a lengthy complaint. Faced with a well-reasoned and convincing motion for summary judgment on her ADA claim, however, Ruiz Rivera shifted legal theories and sought to re-characterize her Complaint in a way that might parry Pfizer's blow. It simply will not do for a plaintiff to fail to plead with adequate specificity facts to support a regarded as claim, all-the-while hoping to play that card if her initial hand is a dud. See <u>Fleming</u> v. <u>Lind-Waldock & Co.</u>, 922 F.2d 20, 24 (1st Cir. 1990) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.").

Ruiz Rivera's regarded as claim also fails on substantive grounds. The undisputed facts[8] reveal that, in late March 2007,

---

[8] From our review of the record, it appears that both Pfizer and Ruiz Rivera submitted, without translation, Spanish language

Ruiz Rivera presented to Dr. Felix at Pfizer a list of workplace restrictions imposed by her doctor based on her various ailments. Her doctor's note indicated that the restrictions should remain in place for at least six months, perhaps longer. Based on these restrictions - and these restrictions alone - Pfizer determined that Ruiz Rivera could not perform the essential tasks of her job as a packaging operator in the bottling department. Ruiz Rivera maintains that she then sought accommodation for her limitations and in doing so requested that she be given a different job at the facility.[9] Pfizer denied Ruiz Rivera's request, and, according to the testimony of Frances Guzman, Assistant Personnel Manager, informed Ruiz Rivera that Pfizer did not consider her to be

_____

documents as exhibits to their briefs at the summary judgment stage. Documents may not be submitted in a foreign language without translations. See L.R.P.R. 10, 43; First Circuit L.R. 30(d) ("The court will not receive documents not in the English language unless translations are furnished."). As is our policy, we cannot consider materials, or facts adduced solely in reliance on those materials, that have not been translated. Along with its appellate briefing, Pfizer provided translations of relevant exhibits and those portions of Ruiz Rivera's deposition upon which it has relied. However, the record may not be supplemented on appeal in order to cure a defect below. See Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2 (1st Cir. 2004) ("Depositions that have not been translated into English are not - and cannot on appeal become - part of the record.").

[9] Ruiz Rivera requested a move from the position of packaging operator to one of the following: inspecting blisters, filling out documentation, or entering a lot with a finger machine. She provides no support for her contention that these jobs were available at the plant, or that the restrictions imposed by her doctor would not impact the work performed in these positions.

disabled within the meaning of the ADA and Pfizer was under no obligation to accommodate her.

These undisputed facts, of course, were the basis for Ruiz Rivera's now-dismissed claims for termination and failure to accommodate. She asserted that the impairments upon which her doctor's restrictions were based constituted a disability under the ADA which Pfizer was required to reasonably accommodate. Pfizer disagreed, concluding that Ruiz Rivera was not disabled within the meaning of the ADA, and thus not entitled to any accommodation, and the District Court concurred.[10] Now, Ruiz Rivera uses Pfizer's lawful refusal to provide her with the sought-after accommodation as the primary basis for her regarded as claim. Ruiz Rivera does not maintain that she could perform her job as packaging operator in the bottling department with the restrictions imposed by her doctor, but that Pfizer mistakenly believed her unable to do so; rather, she maintains that she could perform her job if granted the accommodations to which the District Court found she was not entitled. This, coupled with Pfizer's refusal to accommodate Ruiz Rivera's request for a different job, is what forms the basis for her regarded as claim.

---

[10] The District Court determined that the impairment upon which Ruiz Rivera's workplace restrictions were based did not substantially limit her in any major life activity, including performance of manual tasks, working, and sitting and standing. See Ruiz Rivera v. Pfizer Pharm. LLC, 463 F. Supp. 2d 163, 172-75 (D.P.R. 2006).

-19-

Specifically, Ruiz Rivera insists that Pfizer mistakenly regarded her as being substantially limited in the life activity of "working." For her support, she cites to two events: first, she cites Dr. Felix's response to the restrictions imposed by her personal physician, wherein Dr. Felix determined she could not return to and work at her position in the bottling department at the Pfizer plant; and second, she points to the comment allegedly made to her by Guzman to the effect that with the conditions imposed by her doctors, she could not perform any work at the Pfizer plant or anywhere else in the pharmaceutical industry. As correctly argued by Pfizer in its Motion for Reconsideration, Ruiz Rivera may not rely exclusively on her employer's recognition or implementation of the restrictions imposed by her own physician to establish a regarded as claim. See Lusk v. Ryder Integrated Logistics, 238 F.3d 1237, 1241 (10th Cir. 2001) ("Where the recognition of Plaintiff's limitations is not an erroneous perception, but is instead a recognition of fact, a finding that Plaintiff was regarded as disabled is inappropriate."); Breitkreutz v. Cambrex Charles City, Inc., 450 F.3d 780, 783 (8th Cir. 2006) ("If a restriction is based upon the recommendations of physicians, then it is not based upon myths or stereotypes about the disabled and does not establish a perception of disability."); see also Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995) (employer who terminated employee because of the restrictions

-20-

associated with employee's impairment did not regard employee as disabled in the major life activity of working where its perception of employee's impairment was based not on speculation, stereotype, or myth, but on a doctor's written restrictions).  Thus, Pfizer's recognition of Ruiz Rivera's impairment, and unwillingness to provide the accommodation that Ruiz Rivera sought, but to which she was not entitled, simply does not transform its actions into regarded as discrimination.  Moreover, to allow this regarded as claim to stand would be tantamount to allowing her dismissed failure to accommodate claim in through the back door.  See Nuzum v. Ozark Auto. Distrib., Inc., 432 F.3d 839, 848-49 (8th Cir. 2005).

Although the District Court's reconsideration of its original decision to deny summary judgment on the regarded as claim lacked written justification, it is clear to us that dismissal on reconsideration was both appropriate and warranted.  Any reliance on Dr. Felix's statements or opinion, based entirely on Ruiz Rivera's own doctor's recommendations, cannot support a regarded as claim.  Furthermore, the allegation that Pfizer mistakenly regarded Ruiz Rivera to be substantially limited in the life activity of working makes little sense in the face of the undisputed record that Pfizer told Ruiz Rivera that it did not consider her impairment to constitute an ADA covered disability.  Moreover, Pfizer did not terminate Ruiz Rivera's employment when it refused

-21-

to accommodate the restrictions imposed by her doctor; rather, it terminated her over nine months later, after numerous unsuccessful attempts to seek updates on her medical status. Finally, the isolated comment allegedly made by Guzman as to the impact of the restrictions on Ruiz Rivera's ability to find work in the pharmaceutical industry is of no help to Ruiz Rivera. At the time that Guzman allegedly made this comment, Pfizer had determined, in reliance upon Ruiz Rivera's own doctor's recommendations, that Ruiz Rivera could not perform the essential functions of her job; her impairment did not constitute a disability under the ADA; and it had no obligation to accommodate her. Thus, while Guzman may have considered the restrictions imposed by Ruiz Rivera's doctors as limiting her chances of finding work elsewhere in the pharmaceutical industry, there simply is no evidence that Ruiz Rivera was refused accommodation or terminated because of this generalization. In light of the record, Guzman's statement at worst amounts to little more than a stray remark, one which standing alone is insufficient to defeat summary judgment. See Patten v. Wal-Mart Stores E., Inc., 300 F.3d 21, 25 (1st Cir. 2002) (direct evidence of discrimination excludes "mere background noise" and "stray remarks"); Laurin v. Providence Hosp., 150 F.3d 52, 58 (1st Cir. 1998) (stray remarks, including "statements by decisionmakers unrelated to the decisional process itself normally

are insufficient to establish discriminatory animus") (citations omitted).

IV.  Law 44

On reconsideration, the District Court also dismissed Ruiz Rivera's parallel regarded as claim under Law 44 of July 2, 1995, P.R. Laws Ann. tit. 1, §§ 501 et seq., the Puerto Rico analogue to the ADA.  Because Law 44 and the ADA are coterminous, we affirm the District Court's dismissal of both regarded as claims. See Gonzalez v. El Dia, Inc., 304 F.3d 63, 74 n.8 (1st Cir. 2002).

V.  Law 80

Ruiz Rivera asserts on appeal that the District Court erred when it failed to address and state whether it was going to exercise supplemental jurisdiction over Ruiz Rivera's purported Law 80 claim.  While the issue of whether to retain supplemental jurisdiction over any remaining state law claim, and the viability of any such claim, is generally for the District Court in the first instance, we believe the Law 80 claim, on its face, is so inadequately plead that the District Court acted appropriately and committed no error by not addressing the issue.[11]

---

[11] We note that Ruiz Rivera's appellate brief marks her first substantive mention of the Law 80 claim.  Pfizer did not move specifically for its dismissal, Ruiz Rivera did not assert its viability in her Opposition to Pfizer's Motion for Summary Judgment, and the District Court did not address the issue in either of its Orders.

"Puerto Rico Law 80 prohibits dismissal of employees without just cause." Hoyos v. Telecorp Comm'ns, Inc., 488 F.3d 1, 6 (1st Cir. 2007). Nowhere in the Complaint does Ruiz Rivera allege termination for lack of just cause. Likewise, Ruiz Rivera does not raise Law 80 as one of her several causes of action. Instead, the sole reference to Law 80 in the Complaint is in the first paragraph, titled "Introduction," which lists Law 80 as one of many statutes under which the action was brought. There are no facts plead in support of this claim, and it is not raised in her Third Cause of Action, which alleges violation of various laws of Puerto Rico, specifically "Art. II section 7 of the Constitution of Puerto Rico; Act 100 of June 30, 1959, Act 3 of March 13, 1942, Act 69 of July 6, 1985 and Act 60 of May 30, 1976."

Thus, it appears on the face of the Complaint that the Law 80 claim fails to meet the most basic of pleading requirements, as it consists of nothing more than a solitary statutory reference, with nothing to support it. A plaintiff may not simply throw a statutory reference into a complaint hoping to later flesh out its claim with facts in support. "[A] simple request for relief without stating any grounds therefor is inadequate." Pujol v. Shearson/Am. Express, Inc., 829 F.2d 1201, 1207 (1st Cir. 1987). Because the reference to Law 80 was so fleeting and inadequate, there was nothing for the District Court to review. There was no error in its non-review of this non-issue.

-24-

VI.  Conclusion

For the reasons stated above, the District Court's January 8, 2007 Order is **<u>AFFIRMED</u>**.