**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1245

PAUL H. COSSETTE,

Plaintiff, Appellant,

v.

U.S. DEPARTMENT OF AGRICULTURE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro,  U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Paul H. Cossette on brief pro se.
T. David Plourde, Assistant U.S. Attorney,  and Thomas P. Colantuono, United States Attorney, on brief for appellee.

October 27, 2008

**Per Curiam**.  Appellant Paul H. Cossette has appealed the grant of summary judgment in favor of the U.S. Dept. of Agriculture (USDA) on Cossette's claim that the USDA failed to hire him due to age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.  We review, *de novo*, the district court's grant of summary judgment.  Arroyo-Audifred v. Verizon Wireless, Inc., 527 F.3d 215, 217 (1st Cir. 2008) (reciting standard of review).

Upon *de novo* review, we affirm, essentially for the reasons stated in the district court's opinion.  Cossette v. Johanns, 525 F.2d 242 (D. N.H. 2007).  We need only briefly address here Cossette's appellate claims.  Despite Cossette's insistence that the "specialized experience" required was restricted to financially-based experience, the record supports the legitimacy of the USDA's interpretation of its "specialized experience" qualification to require the particular knowledge, skills, and abilities that is typically in or related to the natural resources associated with the position sought.  As Cossette did not possess this specialized experience, he was not qualified for the position and, thus, did not make out a prima facie case of age discrimination.  See Arroyo-Audifred v. Verizon Wireless, Inc., 527 F.3d at 219 (setting out what constitutes a prima facie case).  And, since Cossette did not make out a prima facie case of age discrimination, Cossette's complaint that the district court failed

-2-

to address his argument of disparate treatment is misplaced.  See Prescott v. Higgins, 538 F.3d 32, 40-41 (1st Cir. 2008) (a claim of disparate treatment is legally insufficient if claimant not able to meet prima facie burden of showing that he is qualified for the position).

Finally, the district court did not abuse its discretion in denying either Cossette's motion for reconsideration or his motion to amend that motion for reconsideration.  Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81 (1st Cir.) (reciting standard of review), *petition for cert. filed*, 77 U.S.L.W. 3001 (Jun. 19, 2008).  In seeking reconsideration, Cossette simply restated arguments that the court had already properly rejected and in seeking to amend that motion Cossette sought to proffer documents that were neither newly discovered nor, in any event, created a genuine issue of material fact as to whether Cossette was qualified for the position.  See U.S. Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 52 (1st Cir. 2002) (documents in one's possession, even if unreviewed, do not constitute newly discovered evidence).

The judgment of the district court entered on December 4, 2007 is affirmed.