Marisela **RODRIGUEZ–RIVAS,**
et al., **Plaintiff(s)**

v.

**POLICE DEPT. OF PUERTO RICO, Defendant(s).**

**Civil No. 06–1197 (JAG).**

United States District Court,
D. Puerto Rico.

March 12, 2010.

---

Raul S. Mariani–Franco, Mariani Franco Law Office, San Juan, PR, for Plaintiffs.

Harold A. Frye–Maldonado, Wandymar Burgos–Vargas, P.R. Department of Justice, Federal Litigation, San Juan, PR, for Defendant.

**OPINION AND ORDER**

JAY A. GARCIA–GREGORY, District Judge.

Pending before this Court is Defendant Police Department of Puerto Rico's (hereinafter "Defendant") "Motion Under Rule 50 for Judgment as a Matter of Law; Under Rule 59 for New Trial or to Alter or Amend Judgment; or for Remittitur." (Docket No. 99). For the reasons set forth below this Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 24, 2008, a jury rendered a verdict for Plaintiffs, Marisela Rodriguez Rivas, Carlos Francisco Ortiz–Torres, and their conjugal partnership (hereinafter "Plaintiffs"). The jury found Defendant liable for sexual harassment and retaliation under Title VII, as well as local Law 17, 29 L.P.R.A. § 155. It awarded Plaintiffs $500,000 in compensatory damages.

On February 27, 2009, this Court entered an order apportioning the jury award. The jury award was to be divided as follows: $300,000 for Plaintiff's Title VII claim, and $400,000 for Plaintiff's Law 17 claim (after doubling). (Docket NO. 96). As a result, Plaintiffs total award was $700,000. This Court entered judgment accordingly. (Docket No. 97).

On March 10, 2009, Defendant filed a "Motion Under Rule 50 for Judgment as a Matter of Law; Under Rule 59 for New Trial or to Alter or Amend Judgment; or for Remittitur." (Docket No. 99). In it, Defendant contends that: 1) Puerto Rico's Sovereign immunity under the Eleventh Amendment should bar Plaintiff's claim under state Law 17; 2) this Court should vacate its judgment because Title VII's $300,000 cap was not applied to the jury's compensatory damage award of $500,000; 3) the award under Law 17 should be limited by the $75,000 cap of the Law 104 (Claims and Suits against the Commonwealth of Puerto Rico); 4) this Court should grant a judgment notwithstanding the verdict dismissing Plaintiff's claims; 5) this Court should grant Defendant's a new trial because the evidence presented does not support the jury's verdict; or 6) that this Court grant a remittitur and the amount awarded in damages be lowered

accordingly. (Docket No. 99). On March 23, 2009, Plaintiff replied (Docket No. 102); and the Government sur-replied (Docket No. 117).

## ANALYSIS

### A. *Defendant's Motion to Alter or Amend Judgment*

■ Fed.R.Civ.P. 59(e)[1] motions are granted only "where the movant shows a manifest error of law or newly discovered evidence." *Santiago–Sepulveda v. Esso Std. Oil Co. (P.R.), Inc.,* 638 F.Supp.2d 193, 197 (D.P.R.2009) (citing *Prescott v. Higgins,* 538 F.3d 32, 45 (1st Cir.2008)). "[A] motion for reconsideration should be granted if the court has patently misunderstood a party . . . or has made an error not of reasoning but apprehension." *Id.* (citing *Ruiz Rivera v. Pfizer Pharms., LLC,* 521 F.3d 76, 82 (1st Cir.2008)) (internal quotations omitted).

This Court has established that "[d]istrict courts enjoy considerable discretion in deciding Rule 59(e) motions, subject to circumstances developed in the case law." *Id.* (citing *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 55 (1st Cir.2008)). "They are not required to entertain arguments which could, and should, have been made before judgment was issued." *Id.* Indeed, Rule 59(e) motions "may not be used to argue a new legal theory." *Id.*

Defendant argues in its motion that Puerto Rico's Sovereign immunity, under the Eleventh Amendment, should bar Plaintiff's claim under state Law 17.

Nevertheless, the Supreme Court has established that "congress abrogat[ed] the States sovereign immunity in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)." The Court went on to clarify that it sustained Congress' intention to abrogate sovereign immunity in Title VII

cases in *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 729–730, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003). Therefore, Defendant's Motion under Rule 59(e) is denied.

### B. *Defendant's Motion for Judgment as a Matter of Law*

■ Fed.R.Civ.P. 50 allows a party during a jury trial to move the Court for entry of judgment as a matter of law. Such a motion may be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a)(1). If the Court denies the motion, then "[n]o later than 28 days after the entry of judgment . . . [t]he movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R.Civ.P. 50(b). [T]he party renewing a motion for judgment as a matter of law pursuant to Rule 50(b) "is required to have moved for judgment as a matter of law at the close of all the evidence." *Taber Partners I v. Insurance Co. of North America, Inc.,* 917 F.Supp. 112, 115 (D.P.R.1996) (citing *Keisling v. SER–Jobs for Progress, Inc.,* 19 F.3d 755, 758 (1st Cir.1994)).

The First Circuit has stated that "[c]ourts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." *Monteagudo v. Asociacion de Empleados del Estado Libre Asociado,* 554 F.3d 164, 170 (1st Cir.2009) (internal citations omitted). "A motion for judgment as a matter

1. Rule 59(e)—Motion to Alter or Amend Judgment. A motion to alter or amend a judg-

ment must be filed no later than 28 days after the entry of the judgment.

of law, like a motion for summary judgment, questions whether a reasonable jury could reach only one result based upon the evidence." *Taber Partners I,* 917 F.Supp. at 115. As part of this analysis, courts "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." 11 James Wm. Moore, Moore's Federal Practice 3D, 9 § 50.06[6][b], at 50–40 (2003). Pursuant to Fed.R.Civ.P. 50, "motion for judgment cannot be granted unless, as matter of law, [plaintiff] failed to make a case." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940).

▆ In its Motion, Defendant realleges the same arguments it presented to the Court during its first Motion for judgment as a matter of law. Defendant argues the Faragher/Ellerth defense as to Plaintiff's hostile environment claim. The First Circuit has explained that

> Under Title VII, an employer is subject to vicarious liability for sexual harassment by an employee's supervisor which does not constitute a tangible employment action. But the employer may prevail if it demonstrates a two-part affirmative defense: that its own actions to prevent and correct harassment were reasonable and that the employee's actions in seeking to avoid harm were not reasonable.

*Monteagudo,* 554 F.3d at 171 (citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)) (*See also Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)). Defendant argues that Plaintiff did in fact use the established complaint procedure to request an administrative investigation against Sergeant Martin Rivas and his transfer from the Maunabo Police station. Moreover, Defendant states that Sergeant Miguel A. Sanchez testified that he informed Plaintiff when she filed the complaint that she and Sergeant Rivas were not going to be assigned to the same shifts. Furthermore, Defendant contends that when Plaintiff went to the Police Department to inquire as to the status of her complaint, Ms. Rodriguez testified she referred the complaint to the Public Integrity Division. Defendant goes on to state that Ms. Rodriguez testified that she recommended the transfer of Sergeant Rivas. Defendant avers that as a result Sergeant Rivas worked for a brief time on different shifts from those of Plaintiff. Thus, Defendant claims that the Police Department took corrective action at the moment of Plaintiff's allegations.

On the other hand, Plaintiff contends that Defendant misunderstands the *Faragher* defense. Plaintiff states that one of the elements under *Faragher* is that she failed to use the available administrative process designed to address sexual harassment in the police force. However, Plaintiff notes that she did in fact utilize said process. Furthermore, Plaintiff notes that she never received the regulations concerning sexual harassment, nor did she receive any training. Plaintiff states that the jury in this case had more than enough evidence to find that the PRPD failed to afford her an adequate access to the procedures related to the filing of a sexual harassment complaint. Ultimately, Plaintiff avers that the record contains numerous mentions of the PRPD failing to follow its own procedures. Thus, she claims that such defense is not applicable in the instant case.

It seems that both parties agree that Plaintiff took appropriate measures in order to avoid Defendant's harassing conduct. Defendant mistakenly argues that Plaintiff did in fact use the PRPD's sexual harassment complaint procedure multiple times. As a result, inadvertently Defen-

dant disproves its own defense. Plaintiff testified during trial that she first filed a complaint to her acting supervisor at the time, Sergeant Miguel Sanchez, regarding Sergeant Rivas sexual harassment. Then, she testified that she followed up her complaint in the PRPD office in San Juan with Ms. Maria de los Angeles Rodriguez. Thus, this Court finds that Plaintiff's actions in seeking to avoid harm were reasonable. Therefore, Defendant fails to establish the second prong of *Faragher.* Consequently, the *Faragher* defense is inapplicable in this case.

Next, Defendant seeks a judgment notwithstanding verdict as to Plaintiff's claim of retaliation. Defendant argues that Plaintiff failed to establish a prima facie case of retaliation. Defendant contends that Plaintiff did not demonstrate at trial that the PRPD took adverse action against her. Ultimately, Plaintiff argues that her claim of retaliation should be dismissed without prejudice. This Court agrees.

After careful review of the record, this Court cannot find any evidence that would demonstrate that Plaintiff in fact suffered retaliation as a result of her complaint regarding Sergeant Rivas' alleged sexual harassment.

 A retaliation claim under 42 U.S.C. § 2000e–3(a) "forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington Northern & Santa Fe Ry. v. White,* 548 U.S. 53, 60, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing 42 U.S.C. § 2000e–3(a)). To prove a prima facie case of retaliation Plaintiffs must allege that: (1) Plaintiff engaged in protected conduct under Title VII; (2) Plaintiff suffered an adverse employment action; and (3) the adverse action was causally con-

nected to the protected activity. *Fantini v. Salem State College,* 557 F.3d 22, 32 (1st Cir.2009). An employee has engaged in activity "protected conduct" if she has either "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Id.* (internal citation omitted). In order to establish "participation in a protected activity" Plaintiffs need not prove that the conditions against which Plaintiff protested actually amounted to a violation of Title VII. *Id.* (internal citations omitted). Plaintiff only has to show through her allegations that she had a "'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" *Id.*

It is clear from the evidence presented at trial that Plaintiff engaged in protected conduct by complaining to her supervisor and following up her complaint in the police headquarters. Thus the first element of the prima facie claim of retaliation is met. Defendant argues that Plaintiff did not present any evidence to prove that Plaintiff suffered an adverse employment action.

 Plaintiff avers in his response to Defendant's motion that she suffered an adverse employment action because when she presented her complaint she started to suffer retaliatory actions. Plaintiff went on to describe at trial how her superior, Lieutenant Rodríguez, "changed his demeanor and attitude when talking to her after filing her complaint." Plaintiff argues at trial that Lieutenant Rodríguez was angry when he learned that she had returned to the Police Headquarters to follow-up on the status of her complaint. Plaintiff also argues that Lieutenant Rodríguez was "not willing to talk to her as to official matters and would not even author-

ize the issuance of an uniform to plaintiff on her return to work after suffering an incapacitating work related injury." Nevertheless, this Court cannot find any evidence in the record, nor does Plaintiff point to any part of the record, related to the lack of authorization for the issuance of a uniform.

This Court finds that based on the evidence presented at trial, the jury did not have a legally sufficient evidentiary basis to find for Plaintiff on the issue of retaliation. Therefore, we must grant Defendant's Motion pursuant to Rule 50(b) as to the issue of retaliation.

### C. *Defendant's Motion for a New Trial*

■ Defendant moves this Court for a new trial or remittitur under Fed.R.Civ.P. 59. " 'A district court should only grant such motions if the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice.' " *Monteagudo*, 554 F.3d at 174 (internal quotations omitted).

■ Rule 59 allows the Court to, on motion, order a new trial after a jury trial, "for any reasons for which a new trial has heretofore been granted in an action at law in federal court ..." Fed.R.Civ.P. 59(a). The motion for a new trial may invoke the discretion of the court insofar as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). "Unlike a motion ... under Rule 50, a new trial may be granted even if there is substantial evidence to support the jury's verdict, since the court is free to weigh the evidence ... and need not view it in the light most favorable to the verdict winner." *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041 (2d Cir.1992).

■ Consequently, since this Court concluded that the evidence in the present case meets the more stringent standard under Rule 50(b) for granting Defendant's Motion for Judgment as a Matter of Law, this Court must also find that it meets the requirements under Rule 59 for granting Defendant's motion for a new trial. This Court finds that the verdict constitutes a "miscarriage of justice" because the jury found for Plaintiff as to the issue of retaliation even though there was no evidence to support said verdict. Further, it would be impossible for this Court to determine which of the damages awarded can be attributed to the issue of hostile work environment and which were for the issue of retaliation. Therefore, the appropriate remedy in this case is that the Court grant a new trial.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motions under Rule 50(b) as to the issue of retaliation and **GRANTS** Defendant's Motion under Rule 59 and orders a new jury trial. The Court also **DENIES** Defendant's Motion to Alter Judgment on sovereign immunity grounds as well as Defendant's Motion to uphold the Faragher/Ellerth defense to Plaintiff's alleged hostile work environment claim.

IT IS SO ORDERED.